1803.

## Ross *v.* Bruce.

In the Court below,

ARTEMAS BRUCE, *Plaintiff;* EBENEZER ROSS, *Defendant.*

A person injured by a forged note, though the note was not forged in his name, may have an action, on the statute, for the forgery.

THIS was an action on the statute "for the punishment of certain atrocious crimes and felonies," (a) alleging, that the defendant, in September, 1799, had forged a certain note, payable to himself, in the name of *Jonathan Sanger*, in imitation of a genuine note, by which an estate, which the plaintiff had purchased, was encumbered; and that the defendant, knowing that the plaintiff had obligated himself to pay said genuine note, presented said forged note to him, and demanded payment thereof. The action was commenced in November, 1800.

An action on the statute, to recover *damages* for a forgery, is not barred, in one year, by the statute of limitations.

Evidence that a note is in the hands of the defendant, and that it was forged, is admissible, without producing the note.

On trial to the jury, on the general issue, the plaintiff offered witnesses to prove, that the note charged to have been forged was in the hands of the defendant, and by him withheld; and then to prove, that the defendant had forged it. The defendant objected to the admission of this testimony; and the case was thereupon taken from the jury, and reserved, on the question of evidence, for the whole Court, at the succeeding term. The Court overruled the objection, and, the case being again brought before the jury, admitted the witnesses. A verdict was found for the plaintiff; and the defendant filed a bill of exceptions, and moved in arrest, for the insufficiency of the declaration.

In such case, it is unnecessary to give the defendant notice, in the declaration, to produce the note.

*A. Spalding* and *Hosmer*, for the plaintiff in error, contended,

(a) *Stat.* 183.

1. That, by the statute, the "*party injured*" by the forged instrument has alone the right of action ; and as this note was not forged in the name of *Bruce*, he was not a *party* within the meaning of the statute.

This statute being highly penal, as it subjects the offender to double damages, and forever disables him to be a witness or a juror, (*b*) it ought to be construed strictly.

When the word *party* is used with reference to a suit, it denotes the nominal plaintiff or defendant. The person beneficially interested may be *privy*, but he cannot be a *party*. Thus, the constitution of the United States, our own judiciary act, and other statutes, our books treating on evidence, and common parlance, all concur in denominating those parties, between whom *nominally* there are suits. When we speak of parties to deed or note, we mean the persons *named therein*. The parties spoken of, in the third paragraph of this act, are those " who are parties to a false deed, or other writing." No person is a party to a deed but the *grantor* and *grantee;* to a bond, but the *obligor* and *obligee;* to a note, (not negotiable) but the *promiser* and *promisee*. *Bruce*, then, was not a party to the note, within the common meaning of the *word*. In the next place, he was not a party within the fair meaning of the *statute*. A collateral surety, or a surety to an officer, is not a party to the original action, or to the *cause* of action. The law is satisfied, if the *immediate party* may be protected by suit, not the remote *privy*.

Further, if the *privy* could ever be included in the

(*b*) *Stat.* 185, *sect.* 3.

word *party*, it cannot be the case, in this instance. That would put it in the power of the *nominal party* to make as many privies as he pleased, and to give them all a right of action against the wrong-doer. Such a construction of the words is too loose for a matter *civil; a fortiori*, for a matter *penal*.

2. After the lapse of one year from the forgery, and demand of payment, no suit can be sustained *for the offence*, in behalf of the party injured. It is indisputably true, that a *criminal prosecution* for forgery is limited to one year. (c) Is there no limitation to the action in behalf of the party injured? The defendant, if convicted, is not only subjected to double damages, but is deprived of his most valuable privileges. It would be monstrous to say, there is no limitation.

Again, does he not fall within the *reason* of the law? Are not the difficulty of defence, and the final consequences, substantially the same, as if the prosecution were criminal? But there is no limitation, except the statute cited furnishes it.

Further, in the statute concerning *theft*, (d) treble damages are given; and is there a doubt but that there is a limitation?

The words of the statute are broad enough to limit the action: " No person shall be complained of, or compelled " to answer before any court, &c." The action in this case, is " a complaint," and the defendant is " compelled to answer." The *proviso* satisfactorily shews, that the words in the first paragraph extend to *penal suits*, by ex-

(c) *Stat.* 272.                    (d) *Stat.* 413.

cepting the operation of it from being a hindrance to " any person aggrieved or injured, by any wrong done " to him." This construction, while it protects the defendant from the penal effects of the statute, prevents not his suing at common law, as before.

3. The Court were not authorized, on the trial, to admit proof that the note was in the hands of *Ross*, and then that it was forged, without notice to him, in the declation, to produce it. The English practice is clear on this point, (*e*) and ours should be the same. It proceeds on the ground, that the best evidence, the nature of the case admits of, shall be produced. The writing, then, (the best evidence) you shall offer ; and, if possible, you shall bring it before the Court. If in the hands of the defendant, he may neglect to bring it ; and a trial, when commenced, is not to be broken off, to give him an opportunity of producing it. You shall give him *notice*, that it is required. This rule is founded in the highest reason. It is designed, if possible, to compel the production of the best proof. It gives fair intimation to the defendant ; he cannot say, that he is surprised.

*Goddard*, for the defendant in error, contended,

1. That *Bruce* was a *party*, within the meaning of the statute ; and that he was *injured*, because this note was an incumbrance on an estate, which he had purchased, and he had agreed to pay the same.

2. That the limitation mentioned, relates to a prosecution, where *a fine goes to a public treasury*, which is not the case here.

(*e*) 1 *Esp. Rep.* 50, *Cowan* v. *Abrahams.* *Peake's Rep.* 165, *Shaw* v. *Markham.* *Peake's L. Ev.* 70, 71. 63.

3. If the forged instrument be in the hands of the defendant, the plaintiff cannot produce it, and may, therefore, give other evidence of it. (*f*) The Court will see, on the trial, that the defendant is not *surprised*, of which, however, there can be little danger in such cases.

BY THE WHOLE COURT,

The judgment was affirmed.

(*f*) 2 *Term. Rep.* 201, *The King* v. *Watson*, and *The Attorney-General* v. *Le Merchant* there cited, and reported in a note.