Tilghman C. J.,
delivered the Court’s opinion.
The general rule certainly is, that one shall not be permitted to give parol evidence of the contents of papers in the hands of his adversary, without giving him notice to produce them. The reason is, that the papers themselves are the best evidence, which might have been produced, had notice been given ; but to offer parol evidence, without notice, would be taking the adverse party by surprise. All general rules have their exceptions, and those cases are fair exceptions to the rule in question, in which the receiving of parol evidence, without notice, will not be a surprise.—There can be no surprise where the form of action gives the defendant notice to be prepared to produce the papers, if necessary, in order to falsify the plaintiff’s evidence. In the case before us, the plaintiff’s declaration gave notice, that he intended to prove the notes had been in the possession of the defendant, and also contained a description of the notes. Nothing more was necessary to enable the defendant to avail himself of any variance between the description and the notes -he might have produced the notes, and thus prevented the plaintiff from giving parol evidence.—In the case of The Commonwealth v. Messinger, &c., 1 Binn. 273, this Court -admitted parol evidence of the contents of a bond *155 which the defendants were charged with stealing, although no notice had been given to produce it; and I know no reason for a different rule in civil cases.—This is the first time the point has been brought before us in a civil case, but in other Courts of great authority, it has been considered as settled. I refer to the case of The People v. Holbrook, 13 Johns. 90, where the Chief Justice, in delivering the opinion of the Supreme Court of New York, declares, that it had been decided in England, that in an action of trover for bonds and notes, no notice to produce the things sought to be recovered, was necessary; which principle he adopts, and applies to the criminal case then before the Court. We find the same principle recognised in Connecticut, in Ross v. Bruce, 1 Day, 100,—and the law is laid down in the same manner, in Thill. Evid. 338.—I have no hesitation in saying, that the law is the same in Pennsylvania. I am therefore of opinion, that the judgment of the Court of Common Pleas should be reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.