Warren
v.
Doolittle.

EBEN WARREN and JAMES R. NORTON, plaintiffs in error,
*against*
ORMUS DOOLITTLE, and RUBEN DOOLITTLE, junior,
defendants in error.

An action, upon the 14th section of the statute concerning distresses, rents,
and the renewal of leases, (1 R. L. 437-8) for aiding and assisting a ten-
ant to remove goods from the demised premises, &c. lies against two or
more jointly, the offence being in its nature one and inseparable. But only
one penalty follows, and is imposed on all the defendants; not on each and
every of them.

Where a statute declares that " any person" doing a certain act offends; and
that every person so offending shall forfeit, and pay, &c. it depends on the
nature of the offence, as being entire or several, whether several persons
jointly and simultaneously committing it are to be subjected, the whole to
but one penalty, or each to the whole penalty.

Where a statute gives double the value of goods, by way of penalty, to be re-
covered in debt, the jury may find the value of the goods, and the court
double the value in their judgment; and it is sufficient that the verdict say
the value of the goods. This shall be intended the single, not the double
value; and the verdict need not say *single* value, in terms.

In such case, if the declaration claim a certain sum, in conclusion referring to
the statute by its title and date, or generally, " contrary to the form of the
statute, &c." and the jury find the value; this is sufficiently specific to war-
rant the court in doubling the value.

It is not necessary in actions of debt for penalties of uncertain amounts, de-
pending, for instance, on the value of goods, that the plaintiff should recov-
er the precise amount laid in his declaration.

Under the statute (1 R. L. 437-8,) the landlord can recover but one penalty
either in a joint or separate action against several persons jointly concerned
in aiding, &c. to carry away the goods. Per Colden, Senator.

The practice of the courts of law, in doubling or trebling damages, or value,
upon statutes, on verdict, finding single damages or value, approved. Per
Sanford, Chancellor, and Colden, Senator.

ON error to the Supreme Court. The action was debt,
originally brought by the defendants, against the plaintiffs
in error, in the Court of Common Pleas of the County of
Washington, in March term, 1817.

The declaration was in debt for $100; for that whereas
the plaintiffs below, being seized, &c. of a lot in Hampton,
Washington county, demised it to Leeland, for one year, at

ALBANY,
Dec. 1825.

Warren
v.
Doolittle.

$35 rent, who entered and held till the rent was due; when divers goods and chattles, to wit, one, &c. of the value of &c., (setting forth the goods and their value,) amounting in the whole to the value of $100, then being on the demised premises, Leeland and the defendants, well knowing the premises, and intending to cheat and defraud the plaintiffs of the rent, and prevent them from distraining the goods, &c. the defendants wilfully and knowingly did aid and assist Leeland, being tenant, &c. in conveying and carrying off the demised premises, the goods and chattels specified, leaving the $35 rent unpaid, contrary to the statute in such case made and provided. And the plaintiffs averred, that neither when the rent became due, nor afterwards, &c. were there goods and chattels on the demised premises, sufficient to have satisfied the rent by distress, or any part thereof, &c. whereby an action had accrued, &c. to demand and to have of the defendants the $100 demanded, according to the form of the statute in such case made and provided, entitled " an act concerning distresses, rents, and the renewal of leases," passed April 5th, 1813. Nevertherless, &c.

There was a second count to the same effect, in substance for the purpose of the several questions raised in this court. But it concluded " contrary to the form of the statute in such case made and provided ;" without referring to any statute more particularly. Plea, *nil debent*.

The cause was continued on the record to March term, 1818, when it was tried ; and the jury found a general verdict upon the whole declaration, that the defendants were guilty of the premises in manner and form, &c. and they also found that the value of the goods and chattels conveyed away was $29 ; whereupon, upon the prayer of the plaintiffs, the C. P. gave judgment for them to $58, double the value found by the jury, and the costs.

Error was brought by Warren & Norton to the Supreme Court, who, in May term, 1820, affirmed the judgment.

A bill of exceptions was taken in the C. P. ; but as this court were of opinion that it presented no point of law, upon the merits, I do not set it forth.

*J. Crary,* for the plaintiffs in error, said the offence for which the action was brought, was created by statute. (1 R. L. 437–8, s. 14.) By that statute, the offence is laid on "any *person* so offending," not *persons,* and the suit should not have been brought against two. The offence of one is not the offence of another. (*Barnard* v. *Gostling,* 4 B. & P. 245. Esp. on Pen. Act. 69, S. C. *Rex* v. *Clark,* Cowp 610.)

The penalty, that is double the value of the goods, is not claimed in the declaration. (7 Wentw. Pl. 161–2. Esp. on Pen. Act. 118, 119. Bull. N. P. 196.)

The court of C. P. did not give judgment on the verdict, which was $29, but for $58; on the ground that they had a right to double the value found by the jury. They had no right to do this. Enough did not appear upon the record to warrant it; which is essential, according to *Newcomb* v. *Butterfield,* (8 John. 342,) a reference to the statute generally, is no guide. The particular section should be mentioned. It is settled in England, that the court cannot alter the verdict. (*Spencer* v. *Goter,* 1 H. Bl. 78. *Jackson* v. *Williamson,* 2 T. R. 281.) The declaration should have claimed double the value expressly. Not having done so, the plaintiffs below could not avail themselves of the statute. Essential matter not averred, cannot be proved. (*Lane* v. *Hitchcock,* 14 John. 218.) The title of the plaintiffs below, as set out, was defective, and is not cured by the verdict. (1 Saund. 228, c. note 1.)

*S. M. Hopkins,* for the defendants in error, said the question of joinder depended upon the nature of the offence. If it was such as could be committed jointly, the action lay against more than one; otherwise, if that was impossible. A joining, in such an offence as is here charged, is not only possible, but extremely natural. The double value can be recovered but once. The result of all the cases is, that where the act punished is, in its nature, necessarily confined to one there the action must be several. It can be committed by one only, and the action must be confined to him, otherwise if many may be concerned. (*Rex* v. *Bleasdale,*

4 T. R. 809. *Partridge* v. *Naylor,* Cro. Eliz. 480. Moore, 453, S. C. Noy, 52, S. C. id. 62, S. C. by the title of *Partridge* v. *Emson.* Hardyman and Whitaker, 2 East, 573, note *a.* *Collins* v. *Morgan,* 1 H. Bl. 244. *Rex* v. *Clark et. al.* Cowp. 610.)

It is not necessary that the declaration should, in terms, claim *double the value.* It is enough, that it define the offence and claim a round sum, sufficient to cover the double value. In debt for the value of goods upon a statute, it is impossible to fix the precise worth of them in pleading; and therefore, it is never required. (*Pemberton* v. *Shelton,* Cro. Jac. 498.)

The jury find the value expressly; and it is well settled, that where this is done the court may double it. The principle of the cases allowing damages to be doubled or trebled by the court, applies to a penalty.

SANFORD, Chancellor, after stating the case, delivered his opinion to the following effect: "The first point made by the plaintiffs in error is, that the action will not lie against two defendants jointly. I cannot recognize this objection. The words of the statute in question, are, " if any person shall wilfully and knowingly aid or assist any such tenant or lessee in such conveying away, or carrying off any part of his goods or chattels, or in concealing the same, every person so offending, shall forfeit and pay, &c. double the value of the goods by him carried off, or concealed, as aforesaid, to be recovered by an action of debt," &c. I cannot bring myself to doubt, that where two or more persons concur in the act of conveying away or concealing the goods, but one penalty attaches; and they may be sued jointly. I understand the rule to be, that where the offence is, in its nature, one and entire, the penalty is one. Several penalties cannot be imposed upon the several offenders. This is so in the nature of things, and is abundantly settled by authority. Ths true inquiry is, can the single offence created by the act be committed by several persons? If this question may be answered in the affirmative, though the offence is, in fact, committed by several, but one penalty follows; and it may

be received by a single action, against all the offenders jointly. The offence is then, in its nature, single and cannot be severed. This is the ancient and well established distinction. It never has been questioned with success, since the leading case of *Partridge* v. *Naylor*, in 38 Eliz. on error in the K. B. which is reported in several books cited at the bar. By consulting the report in Cro. Eliz. 480, and F. Moore, 453, it will be found fully to the point. The action was in C. B. upon the 1 & 2 Ph. & Mar. c. 12, against three for impounding a distress in several pounds, in three several hundreds. The case was that three distrained a flock of sheep ; and severally impounded them in three several pounds in several hundreds. The clause of the statute in question is set forth in Moore, *verbatim.* It was, that no cattle taken by distress at one time, should be impounded in several places, upon pain that every person offending contrary to the act, shall forfeit to the party grieved, £5 and treble damages. Upon a verdict of guilty, damages were assessed by the jury, at forty shillings ; and judgment entered that every of the defendants should forfeit £5, and the treble of forty shillings. It was assigned for error, that there should have been but one £5 against all ; and one trebling of the forty shillings against all ; for it was but one distress, and one offence, in them all, against the statute. After several arguments, the King's Bench held the judgment to be erroneous ; and the following pertinent reasons were given by the court, according to the report in Moore : because the words "every person offending" did not refer to severalty of persons, but offences ; and because all three offended in a join fact, they should forfeit but one £5.

*Rex* v. *Clark*, (Cowp. 610,) illustrates the other side of the question. An information was filed against three persons, upon the statute (8 Geo. 1, c. 18, s. 25,) for assaulting and resisting certain custom house officers, concluding that by reason thereof, they had s*everally* forfeited £40 a piece. There was a second count for a rescue, which concluded in the same manner. Upon not guilty pleaded, the jury found the defendants *severally* guilty. There was a motion in ar-

ALBANY,
Dec. 1825.

Warren
v.
Doolittle.

rest, on this ground. The motion was denied; but the Court of K. B. and Lord Mansfield at their head, recognize the case of *Partidge* v. *Naylor*. Lord Mansfield, states the distinction which runs through the cases. He says, "where the offence is, in its nature, single, and cannot be severed, there the penalty shall be single ; because, though severa. persons may join in committing it, it still constitutes but one offence. But where the offence is, in its nature, severa., and where every person concerned, may be separately guilty of it, there each offender is separately liable to the penalty ; because the crime of each is distinct from the offence of the others ; and each is punishable for his own crime. for instance ; the offence created by the 1 & 2 Ph. & Mar. c. 12, is, the impounding a distress in a wrong place. One, two three or four may impound it wrongfully. It is but one act of impounding. It cannot be severed. It is but one offence, and therefore shall be satisfied by one forfeiture. So under the statute 5 Ann. c. 14, for the perservation of game ; killing a hare is but one offence in its nature. Whether one or twenty kill it ; it cannot be killed more than once. If partridges are netted by night, two, three, or more may draw the net, but still it constitutes but one offence. But this statute relates to an offence in its nature several ; a several offence at common law ; and the statute adds a further sanction against that, which each man must commit severally. One may resist, another molest, another run away with the goods ; one may break the officer's arm; another put out his eye. All these are distinct acts : and every one's offence is entire and complete in its nature. Therefore each person is liable to the penalty for his own separate offence."

Now here, two several persons are implicated, by his verdict, in the fact or offence of jointly and simultaneously carrying off the goods. The injury resulting therefrom is in its nature, single and inseparable ; as much so, as the impounding a distress in several places, killing a hare or netting a partridge ; though the defendants contributed to that result by different acts. Being governed, therefore, by the nature of the offence, as I think we must be, upon unqrestionab

ALBANY,
Dec. 1825.

Warren
v.
Doolittle.

The penalty
was properly
doubled by
the court.

authority, there cannot be a doubt, that the action was, in this instance, well brought against both of the defendants below.

Another objection is, to the form in which the sum found by the jury was doubled. It cannot be pretended, that this should not have been doubled in some form. In principal, it is wholly immaterial, whether it be done by the Court or jury. The practice, in similar cases, seems to be well settled. Where double or treble value is given in damages by statute, the Courts are in the habit of instructing the jury to find the single value; and afterwards doubling or trebling that value by judgment. The whole matter is thus fairly spread upon the record; and I can conceive of no objection to this course.

The offence
was sufficiently shown in
the declaration.

The facts constituting the offence, were set forth with sufficient precision to show a violation of the statute, which is expressly referred to by the declaration. There was, therefore, no want of authority, upon the record, for awarding the double value.

The Chancellor also examined the objections made upon the bill of exceptions, which he considered untenable; and concluded that the judgment should be affirmed.

Whether
the action
may be
against two or
more, jointly.

COLDEN, Senator. (After considering, and expressing his opinion against the objections raised upon the bill of exceptions.) It is contended that there is error in the judgment, because it is against two defendants; whereas the statute is in the singular, and applies to one person only; its words being, "if any person" shall aid a tenant, &c.

In I R. L.
437-8, s. 14,
" any person "
means same
as all persons.

We must interpret this statute according to its obvious meaning. It undoubtedly intended that all persons who should assist a tenant to defraud his landlord should be punished. It is not unusual in enactments of this kind to use the singular number, not in a numerical sense; but as designating a whole species. So in the decalogue, we are commanded not to covet our neighbor's wife, or his ox, or his ass, or his house. It has never been thought, I believe, that this precept was confined to one of these objects; and that if our neighbor has two wives, two oxen, two asses, or two

houses, we may covert one of them. We must read the statute, in my opinion, as if it had said, "all persons" who shall unlawfully assist a tenant to remove his goods, shall pay to the landlord double the value.

Then the question is, whether the defendants, having been engaged in the same prohibited act, are each, liable for the whole penalty in separate actions; or whether they are jointly liable for a single penalty in one action. It is very certain that the statute will permit the landlord to recover the double value of the goods but once; so that unless those who were concerned in the transgression, and were equally guilty, are jointly liable, but one of them can be punished. This we cannot presume was the intent of the legislature. We should not give the statute a construction which would be so at variance with common sense and common justice. If an authority be necessary to show that this objection to the judgment ought not to prevail, it will be found in the case of *Barnard* v. *Gostling*, (2 East, 570,) in which the English Court decided that upon their statute, which prohibits an unqualified person from using a grey hound, under a penalty of five pounds, two might be convicted in one penalty, though they could not each be charged with five pounds for the same act.

This objection comes rather awkwardly from the defendants below, because it is insisting on an error, which if it be one, is in their favor. Each insists that the judgment ought to be reversed, because he has been rendered liable for the penalty, together with his co-defendant, whereas, each should be charged, as they contend, with the whole of the double value of the goods. I think the case will not permit us to indulge the plaintiffs in error by pronouncing that they are liable so far beyond the present recovery.

It is insisted that the action is wrong, because it is not for the double value; and that nothing is said of the double value in the declaration.

I do not think this is so. The action is in a plea of debt for a hundred dollars. The first count concludes with an averment that "an action had accrued to the plaintiffs to

*Margin notes:*

ALBANY,
Dec. 1825.

Warren
v.
Doolittle

Each defendant not liable for whole penalty; but all defendants for one penalty. Landlord can recover but one penalty, whether he brings separate actions,

or an action against all the offenders jointly.

If the action be in debt for a certain sum and refer to the statute by its title, this is sufficient, without claiming *double value* in terms.

ALBANY,
Dec. 1825.

Warren
v.
Doolittle

have from the defendants the said sum of one hundred dollars, according to the form of the statute in such case made and provided, entitled an act concerning distresses, rents and the renewal of leases, passed the 5th April, 1813 ;" and the second count avers that the defendants below assisted the tenant to remove his goods, " contrary to the form of the statute in such case made and provided." In the case of *Newcomb* v. *Butterfield*, (8 John. Rep. 345,) in which the plaintiff attempted to recover treble damages for a trespass, the Supreme Court say, " the declaration should refer to the act, so that the defendant may be apprised of the extent of the demand." In the case we are now considering, the declaration does, as we have seen, refer to the statute very particularly. It gave the parties and the court sufficiently to understand that the action was for the double value. The declaration states the value of the goods, and the jury has found that they were worth twenty-nine dollars ; which, when doubled, is fifty-eight dollars, for which the judgment is rendered.

In actions for penalties depending on uncertain values the plaintiff need not recover the precise sum laid in the declaration.

The plaintiffs below do not recover more than they have demanded. In actions for penalties, where they depend on uncertain values, the plaintiff may recover less than he counts for. The rule, that in an action of debt, a plaintiff must recover according to his count, has been relaxed in a thousand instances, as in *M'Quillin* v. *Cox*, (1 H. Bl. 149 ;) and if the old rule were still adhered to, in actions of this nature, it would render all penal statutes nugatory, which provide that value shall be the measure of a penalty. It would be equally absurd to say that a party must, at his peril, fix the value at neither more nor less, than a jury may think right. If this were required, it is hardly possible that a penalty of this nature could ever be recovered.

3d point, judgment for double value.

The third point of the plaintiffs in error is, that the court below, " under pretence that the jury had given a verdict for the value of the goods only," instead of giving judgment on that verdict, gave judgment for double the amount of it, without regard to the finding of the jury.

So far as this point refers to facts, it is not supported by the record. For certainly the jury did find specially the

value of the goods ; and so far from the court's not having regarded the verdict, the record states, that " thereupon, according to the form of the statute, the court gave judgment for $58, being double the value of the goods and chattels so as aforesaid, by the jury aforesaid, found."

But it was contended that the double value ought to have been found by the jury ; and could not be assessed by the court. Where double damages are given, they are constantly doubled by the court ; and there seems to be no reason why the same course may not be pursued where a party is entitled to a double value by way of penalty.

Penalties are frequently given in this form, under the acts of Congress ; and the question now under consideration has often been presented in the courts of the United States.

In the case of *Cross* v. *The United States*, (1 Gall. Rep. 26,) the court says, " In looking into precedents on informations for breaches of the revenue laws, we find that in general, the verdict is for the single value. But in such precedents, the issue is not found to be *nil debet*, but is a special issue ; and the single value of the property is assessed by the jury, to enable the court to impose the penalty as well as to decree the forfeiture of the goods." In the case before us, by finding for the plaintiffs upon the general issue, and finding the value of the goods, the jury found all the facts necessary to enable the court to see that the case was one in which the plaintiffs below were entitled to the double value of the goods, to assess such value, and to render their judgment accordingly.

In my opinion, the judgment of the Supreme Court must be affirmed with costs.

*Per totam Curiam,*

Judgment affirmed.

<div style="text-align:right">

ALBANY,
Dec. 1825.

Warren
v.
Doolittle.

The power of doubling the value does not belong exclusively to the jury.