*Mem.* — WESTON C. J. was not present at the hearing of any causes during this Term, being employed in jury trials in the county of Washington.

## WILLIAM QUIMBY *versus* SAMUEL M. CARTER.

The plaintiff, to entitle him to recover in a special action of the case, brought upon St. c. 195, § 13, must prove that he has a just debt; that his debtor has fraudulently concealed or transferred property liable to be taken by attachment or seized on execution; and that the person sued has knowingly aided or assisted the debtor to defeat his rights as creditor. His claim is limited to double the amount of the property concealed or transferred, if less than his debt, or to double the amount of his debt, if less than the value of the property concealed.

This provision is not penal.

Recovery of judgment and payment are to be regarded as an extinguishment *pro tanto* of the original debt.

When the statute gives double damages, they may be assessed either by the Court or the jury, and it is immaterial by which.

The fraudulent concealment of property transferred before the passage of St. c. 195, renders the receiver equally liable under § 13 of that act, as if the conveyance had been after its passage.

THIS was a special action of the case upon the 13th section of the statute, c. 195, passed in 1835, for the relief of poor debtors. The cause was tried before EMERY J.

The writ was dated Sept. 23, 1839. The general issue was pleaded and joined. The plaintiff, to maintain the issue on

his part, introduced a copy of a judgment in his favor, against one Edward T. Hobbs, recovered at the October Term, 1835, of the S. J. Court for the county of Penobscot, for the sum of $288,25, debt, and costs taxed at $6,40; also an alias execution issued on said judgment, dated June 20, 1836, upon which said Hobbs was arrested and gave the usual bond Aug. 6, 1836. Hobbs was surrendered to the jail in Penobscot county on Jan. 23, 1837, and was discharged by taking the poor debtor's oath, March 6, 1837. The plaintiff also read office copies of a warranty deed from said Hobbs to the defendant, of seventy-five acres of land in Milo, in the county of Penobscot, bearing date Sept. 23, 1834, and acknowledged Sept. 23, 1836, and recorded May 22, 1838; and of a mortgage deed from one Wilkinson to the defendant, of said land in Milo, dated Feb. 14, 1839, duly acknowledged and recorded, to secure to him the payment of five hundred and forty dollars.

It was also proved that Hobbs lived on the land conveyed by said deed to the defendant, enjoying the proceeds thereof, but that the defendant had a right to control all the surplus produce; that the defendant had stated that Hobbs had put the land in Milo into his hands to cheat the plaintiff out of his debt; and that it was worth as much as the debt against Hobbs, over and above the mortgage to the defendant.

Upon this evidence, the counsel for the defendant moved the Court to nonsuit the plaintiff, because he alleged the action was local, and could not be maintained in this county; and because the action was barred by the statute of limitations; but the presiding Judge declined so doing.

He further requested the Judge to instruct the jury that the plaintiff must prove some legal or equitable title to the land in Milo, in Hobbs. This instruction was given.

The Judge further instructed the jury, that the plaintiff was not bound to show any paper title in Hobbs; that they might consider his interest as shown by the fact that Hobbs had possession of the land; that defendant took a deed of it from him; by his declaration that Hobbs owned the land and sold

it to him; together with the mortgage of Wilkinson, and the notes to the defendant, and such other evidence as was in the case, as to his controlling it.

The counsel for the defendant further contended that the offence, if any, was committed when the deed was dated, which was before the statute; but the Judge instructed the jury that if the transfer was previous to the statute, if they found that the concealment continued till after the statute went into effect, that the defendant would still be guilty; and that if they found for the plaintiff, they might give such damages as they should find, not exceeding double the amount of the debt against Hobbs, nor at any event double the amount of the property transferred or concealed.

The jury were directed to find when the deed dated Sept. 23, 1834, was executed and took effect — what property was fraudulently concealed, and at what time.

The jury found a verdict for the plaintiff, that the land in Milo was fraudulently concealed, and that the deed of it took effect and was executed on Sept. 23, 1836.

*W. Kelly*, for the defendant. The deed to the defendant was before the passage of the act, which it is contended, it violates.

This is a penal action, the statute giving double damages; and the action should have been brought within a year from the time, when the offence was committed. It is local, and should have been brought in the county, where it was committed. *Mansfield* v. *Ward*, 16 Maine R. 433. The jury should have been instructed to find single damages. *Lobdell* v. *New Bedford*, 1 Mass. R. 153; *Warren* v. *Doolittle*, 5 Cow. 678.

*A. T. Palmer*, for the plaintiff.

This is not for an injury to land, and is not local. It is analogous to a suit against the sheriff for neglect, which may be brought in any county. *Foster* v. *Baldwin*, 2 Mass. R. 569; *Marshall* v. *Hosmer*, 3 Mass. R. 23; *Jefferies* v. *Duncombe*, 11 East, 225; *Titus* v. *Frankfort*, 15 Maine R. 98; St. c. 59, § 45.

It is not barred by the provisions of St. c. 62, § 14. *Woodgate* v. *Knatchball*, 2 T. R. 155, n. This is not a penal, but a remedial action. It is for the benefit of the party injured, and gives a new remedy. *Twynne's* case, 2 Coke, 82. The mere giving of double damages does not necessarily make the provision penal. *Goodridge* v. *Rogers*, 22 Pick. 495 ; *Myddelton* v. *Wynn*, Willes, 597. A penalty must be created by express words. *Jones* v. *Estis*, 2 Johns. 379.

The opinion of the Court was by

SHEPLEY J. — The right of the plaintiff to maintain this suit depends upon the construction of the thirteenth section of the statute c. 195. By that provision the fraudulent concealment or transfer must be designed to secure or conceal the property from creditors, "to prevent the same from attachment or execution." And the person, other than the debtor, who is made liable, must knowingly aid or assist in effecting it. The statute contemplates, that the creditors will be actually defeated in the recovery of their debts wholly or partially, for one cannot recover more than double the amount of his just debt remaining uncollected. And the plaintiff, to entitle him to recover, must not only prove such concealment or transfer, but that he has a just debt or demand remaining unpaid. It is said that this does not prove any special injury to himself, for he may yet have the means of obtaining payment. He must however prove facts before he can recover, which the law determines to be essentially detrimental to his interest, viz. that he has a just debt or demand, that his debtor has fraudulently concealed or transferred property liable to be taken by attachment or seized on execution to satisfy it, and that the person sued has knowingly aided or assisted the debtor to defeat his rights as a creditor. His right of recovery is limited to double the amount of the property concealed or transferred, if it be less than the amount of the debt ; or to double the amount of his debt, if that be less than the value of the property concealed or transferred. The mere fact that he may recover double the amount does not of itself determine

the statute to be penal. It is supposed, that the creditor may, notwithstanding a recovery and satisfaction, still proceed and collect his demand of his debtor, and that the statute must therefore be highly penal. When however he has so recovered and the judgment has been satisfied, the debt is regarded as extinguished in law *pro tanto*, although the payment may not have been made by the debtor himself. The recovery was had on account of the debt, and he has received money because he was a creditor. Examples of this kind are found when a creditor recovers damages against a sheriff for misconduct equal to the whole amount of his debt, and receives satisfaction. The provision in the revised statutes, c. 148, § 34, that the payment of the judgment shall be also a satisfaction of the original debt, was probably regarded as a declaration of the legal effect of such a recovery and satisfaction. If this be a just exposition of the statute, it bears little resemblance to that provision on which the case of *Mansfield* v. *Ward*, 16 Maine R. 433, was decided. The principle of that decision was, that the statute must be regarded as penal, because the plaintiff was not obliged to prove any injury to entitle him to recover. Nor was he obliged to prove such facts as the law would regard as injurious.

The jury have found the concealment since the enactment of the statute; concluding, it would seem, that the deed was executed on the day of acknowledgement; although it bears date long before. It may have been the more general practice for the Court to instruct the jury to find single damages to be doubled by the Court, when the statute requires it. In *Cross* v. *United States*, 1 Gall. 26, it is said, that when damages are demanded, and the statute gives double damages, they may be assessed either by the Court or jury. And in *Warren* v. *Doolittle*, 5 Cow. 678, the Chancellor says, "in principle it is wholly immaterial whether it be done by the Court or jury." The assessment of the double damages by the jury, can afford no just ground for a new trial.

*Exceptions overruled.*