EDWARD P. PRESSEY *vs.* GEORGE WIRTH.

Ir an action under Rev. Sts. *c.* 58, § 13, to recover double the amount of damages sustained from the bite of a dog, it is not necessary to prove that the owner knew of the vicious character of his dog, or that the dog was accustomed to bite; and the defendant has no ground of exception to an instruction to the jury, that, in case they should find for the plaintiff, they should first compute his damages on the principle of exact and literal compensation for his pain and suffering, and then double the amount.

TORT under Rev Sts. *c.* 58, § 13, to recover double the amount of damages sustained from the bite of a dog. At the trial in tne superior court, before *Ames,* J., a verdict was returned for the plaintiff, and the defendant alleged exceptions. The facts sufficiently appear in the opinion.

*C. W. Huntington,* for the defendant.

*J. G. Jackson,* for the plaintiff, was not called upon.

DEWEY, J. 1. The court properly instructed the jury as to the evidence necessary to charge the defendant in an action to recover double damages for an injury sustained from the bite of the dog of the defendant. The statute has enlarged the liability at common law of owners or keepers of dogs, and it is no longer necessary to allege or prove that the owner knew of the dangerous character and habits of his dog, or that the dog was in fact accustomed to bite. Rev. Sts. *c.* 58, § 13.

2. It furnishes no ground of exception that the jury were directed, after having ascertained the actual damages, to render their verdict for double that amount. In principle, it is quite immaterial whether the amount of damages be doubled by the

court or jury, and the practice has not been uniform. In the early case of *Lobdell* v. *New Bedford*, 1 Mass. 153, the jury were directed to assess single damages, and the same were doubled by the court. This practice was generally followed in actions for double damages for injuries sustained through want of repair of highways, until the modification of the statute on that subject by Rev. Sts. *c.* 25, § 22, giving single damages upon one state of facts, and double damages upon another, after which the jury were directed to find the double damages, if the facts warranted the same.

In other tribunals, we find that a similar view has been taken of this question. In *Cross* v. *United States*, 1 Gallis. 26, it is said, that where a statute gives double damages, they may be assessed either by the court or jury. *Warren* v. *Doolittle*, 5 Cow. 678, and *Quimby* v. *Carter*, 20 Maine, 218, are to the like effect. *Exceptions overruled.*