HENRY E. PLUMB *vs.* ROBERT H. GRIFFIN.

Third Judicial District, New Haven, June Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A penal statute, properly speaking, is one imposing punishment for an offense against the State.

Section 1345 of the General Statutes provides that any person who cuts trees or timber on the land of another without his license, shall pay to the party injured $2 for every tree of one foot in diameter, and for all trees of a greater dimension three times their value, besides $2; but if the cutting is found to have been done through mistake, judgment shall be rendered for no more than the true value of the timber. *Held* that the increased damages were not intended as punishment for an offense, but as compensation for the injury done to the landowner; and therefore the statute was not a penal one within § 1379 limiting one year in which to begin suits "for any forfeiture upon any penal statute."

The plaintiff alleged that certain of the trees cut were reasonably worth $1 apiece, and the court found them to be worth $2 each. *Held* that this variance was immaterial, the allegation of value not being a matter of description or identification.

Argued June 4th—decided September 27th, 1901.

ACTION to recover damages for wrongfully cutting trees upon the plaintiff's premises, brought to the Court of Common Pleas in Fairfield County and tried to the court, *Curtis J.;* facts found and judgment rendered in favor of the plaintiff for $120, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

This action was brought on § 1345 of the General Statutes of 1888, which provides that every person "who shall cut, destroy, or carry away any trees, timber, or underwood, standing or lying on the land of another, . . . without license of the owner, . . . shall pay to the party injured two dollars for every tree of one foot diameter; and for all trees of a greater dimension three times their value, besides two dollars; . . . but when the court shall be satisfied that the defendant was guilty through mistake, and believed that the timber was growing on his own land, it shall render judgment for no more than its true value."

The amended complaint was as follows : "1. On the first day of May, 1898, the plaintiff was and ever since has been the owner of a piece of land in the said town of Monroe, bounded [description omitted]. 2. On said day the defendant, his servants and his agents entered upon said land and, without license from the plaintiff, cut ninety trees standing thereon. 3. Twenty-three of said trees were of greater dimension than one foot in diameter and were reasonably worth one dollar apiece, and sixty-seven of said trees were under one foot in diameter. The plaintiff claims, by force of the statute in such cases provided, $192 damages."

The defendant in his first defense admitted the first paragraph of the complaint, and denied the second and third. His second defense was that the right of action for the cause stated in the complaint did not accrue within one year next before the commencement of the action.

The plaintiff in reply demurred to the second defense, because "(1) the cause of action set up in said complaint is not one to which the statute of limitations, fixing one year as the limit for bringing an action, applies; (2) the cause of action set up in said complaint is not one for a forfeiture upon any penal statute." The court sustained the demurrer, and, upon the issue of fact, found for the plaintiff to recover for fifteen trees, each of a greater diameter than one foot and of the value of $2, and rendered judgment for the plaintiff to recover the sum of $120 damages and costs.

The finding of facts shows that the defendant had a license from the plaintiff to go upon the piece of land described in the complaint, to cut and remove certain chestnut trees; that the defendant sent his choppers on to said land, with directions to cut the chestnut trees and all the other trees then growing, ten inches or over in diameter; the defendant gave this order well knowing that he had no right to cut any other trees than the chestnut trees; the choppers did cut fifteen other trees, which were subsequently removed.

The defendant claimed that since he had a license to enter upon the said land to cut and remove certain chestnut trees, the cutting and removal of other trees at the same time was

only a breach of said license, and that no liability arose therefore under the said statute. The court overruled this claim, and the defendant appealed.

The reasons of appeal are (1) the sustaining of the said demurrer, and (2) the finding of the value of the trees to be $2, when the complaint alleges they were worth $1.

*V. Munger* and *Robert L. Munger*, for the appellant (defendant).

*John C. Chamberlain*, for the appellee (plaintiff).

ANDREWS, C. J. The demurrer was properly sustained. The statute of limitations which the defendant invokes is § 1379 of the General Statutes of 1888, which provides that "no suit for any forfeiture, upon any penal statute, shall be brought, but within one year next after the commission of the offense." The present suit is not barred by that section, unless § 1345, on which it is brought, is a penal statute: one that declares a forfeiture, and one that deals with an offense. Moreover it must be a forfeiture and an offense in the sense in which these terms are used in a penal statute.

A brief examination shows that § 1345 is not a penal statute, within the meaning of § 1379. Penal statutes, strictly and properly, are those imposing punishment for an offense against the State; and the expression "penal statutes," does not ordinarily include statutes which give a private action against a wrong-doer. Bouvier's Law Dict. The words "penal" and "penalty," in their strict and primary sense, denote a punishment, whether corporal or pecuniary, imposed and enforced by the State for a crime or offense against its laws. *Le Forest* v. *Tolman*, 117 Mass. 109; *Reed* v. *Northfield*, 13 Pick. 94; *Mitchell* v. *Clapp*, 12 Cush. 278; *Read* v. *Chelmsford*, 16 Pick. 128; *Goodridge* v. *Rogers*, 22 id. 495; *Woodgate* v. *Knatchbull*, 2 Term Rep. 148; *Stanley* v. *Wharton*, 9 Price, 301; *Wilkinson* v. *Colley*, 5 Burr. 2694; *Lake* v. *Smith*, 1 Bos. & Pul. (N. S.) 174; *Quimby* v. *Carter*, 20 Me. 218; *Thacher* v. *Jones*, 31 id. 528; *Frohock* v. *Pattee*, 38

id. 103, 105.   These cases decide, each of them—and there are many others—that a statute which gives no more than a right of action to the party injured to recover increased damages, is not a penal statute.

The complaint in the present suit sets forth a case of trespass to land.   It says that the defendant entered upon the land of the plaintiff and cut down and carried away certain of his trees—giving their diameter—and claims damages therefor pursuant to the statute.   The complaint claims nothing but damages.   If the cutting was done by the defendant knowing that the trees were not on his own land, then the statute awards to the plaintiff under his said claim for damages, and says the defendant shall pay, three times the value of each tree, besides $2; but if the defendant did the cutting by mistake, believing the trees to be on his own land, then the statute awards to the plaintiff, and requires the defendant to pay, only the true value of the trees.   To state this more briefly : When any person commits a trespass by cutting and carrying away trees which he knows stand on the land of another, then the statute compels that person to pay to the party injured increased damages over and beyond what he is required to pay in case the cutting was by mistake; and the amount of these damages is to be determined as the court, upon the trial, shall find the trespass to have been wilful or by mistake.   This certainly is not an action to recover a forfeiture.   The increased damages are obviously awarded to the party injured to repay him for the inconvenience and loss he is likely to have suffered by being deprived of his timber trees without his knowledge and against his will.

In the same chapter of the statutes in which is this section —§ 1345—there is another which provides that "every person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble its value."   This has never been regarded as a penal statute. Indeed, actions on this statute are not ordinarily brought until the defendant has been tried, convicted and sentenced in the criminal court for the stealing.   Another section—§ 1350 —provides that every person who shall make and utter any

forged or counterfeit document shall pay to the party injured double damages. This statute has been held by this court in *Ross* v. *Bruce*, 1 Day, 100, not to be a penal statute so that an action upon it would be barred by the lapse of one year. See also *Newell* v. *State*, 2 Conn. 38.

The complaint in the present case alleged that the defendant had cut on the plaintiff's land twenty-three trees, each of a greater diameter than one foot, and that each was of the value of $1. The court found that only fifteen such trees had been cut, and that each of them was worth $2, and rendered judgment accordingly. The defendant now says that the finding as to value is error.

We are not prepared to agree with the defendant in his contention. Technically the objection is that there is a variance between the value alleged and the value proved and found. A variance, however, to be available, must be "a disagreement between the allegations and the proof in some matter . . . essential to the charge or claim;" *House* v. *Metcalf*, 27 Conn. 631, 638; and there is no such disagreement in the case at bar. It was not essential in point of law to the plaintiff's case that the value proved and found should be the same as that alleged. Ordinarily, allegations of time, place, quantity, quality and value are not essential, and need not be proved strictly as alleged. It is true that any of these descriptive features may be so essential to the identity of the subject of the action as to be material, and in such cases the allegations must be proved as laid; but in most cases this is not required. The proof of cutting the precise number of trees alleged to have been cut, in trespass, or the precise value of the goods taken, in trespass or trover, is not necessary. 1 Greenl. on Ev. § 61. *Hutchins* v. *Adams*, 3 Greenl. 174, was an action of trespass for the taking of a pair of steers, alleged in the complaint to be of the value of $40, and the jury rendered a verdict for $45. The defendant moved in arrest of judgment, because the verdict was for a greater sum than the plaintiff in his declaration had alleged the property to be worth. The court overruled the motion in arrest. Gould in his work on Pleading, Chap. 4, § 37, states the rule as fol-

lows : " In actions for injuries to property, whether consisting of personal chattels, or chattels annexed to the realty (as growing crops, etc.), the value of the property, or at least *some* value, must be alleged. This is required, not strictly as matter of *description*, to identify the property, but because it is incumbent on a plaintiff claiming damages, to show in his declaration the *amount* of the damages which, according to his own statement of the case, he has sustained; and to this end, he is required to allege the *value*, or what he claims to be the value, of the property converted, destroyed or otherwise injured ; and thus to furnish (according to his own showing) a *prima facie rule* of damages. But as he is not obliged to state the *true* value, the rule requiring it to be stated would seem to be of no great practical use."

In this case there is no pretense that the trees for which damages were given are not the very same trees mentioned in the complaint, nor can there be any claim that the defendant was misled; he denied cutting any trees at all, not that he cut other trees of a less value.

There is no error.

In this opinion the other judges concurred.