[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ORDER RE: DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REVISED COMPLAINT
Upon considering the briefs and arguments of counsel on defendant Waddell Reed, Inc.'s motion to strike the plain tiffs' revised complaint, the Court hereby enters the following orders:
1. The defendant's motion to strike Counts Five, Six and Eight of the revised complaint is hereby denied for the reasons stated on the record in open court on October 5, 1998.
2. The defendant's motion to strike paragraph 5 of the plaintiffs' prayer for relief, seeking attorneys' fees, is hereby granted, as the plaintiffs have failed to allege a contractual or statutory basis for attorneys' fees apart from alleged violations of CUTPA (Count Five) and CUSA (Count Six), for which attorneys' fees are separately sought in paragraphs 9 and 10, respectively, of the prayer for relief.
3. The defendant's motion to strike paragraph 6 of the plaintiffs' prayer for relief, seeking punitive damages, is hereby granted, as the plaintiffs have failed to allege that the defendant, as the principal of alleged intentional tortfeasor David Stevenson, itself acted wantonly or wilfully with respect its agents' underlying conduct. In Connecticut, punitive damages cannot be awarded against a principal where, as here, its liability is based solely on a theory of respondent superior or vicarious liability. Maisenbackerv. Society Concordia, 71 Conn. 369 (1899).
4. The defendant's motion to strike paragraphs 7 and 8 of the plaintiffs' prayer for relief, seeking treble damages under General Statutes § 52-564, is hereby granted, as the plaintiffs have failed to allege all the essential elements of statutory larceny under General Statutes § 53a-119, as the law requires. See, e.g., Lawson v. Whitey's Frame Shop,42 Conn. App. 599, 605-06 (1996), rev'd o other grounds,241 Conn. 678 (1997); Discover Leasing v. Murphy,33 Conn. App. 303, 309 (1993). The Court rejects, however, the defendant's alternative ground for striking the revised complaint, concluding that the rule of Maisenbacker v.Society Concordia, supra, prohibiting the awarding of CT Page 12748 punitive damages against a principal on the theory of respondent superior, does not apply to claims for treble damages under General Statutes § 52-564. It has long been held that Section 52-564 is neither a penal statute nor a Statute effecting a forfeiture. Plumb v. Griffin,74 Conn. 132, 135 (1901). Rather, as the Plumb Court explained in describing the rationale for a comparable statute awarding double damages for the wilful cutting of trees without the owner's permission,
 The increased damages are obviously awarded to the party injured to repay him for the inconvenience and loss he is likely to have suffered by being deprived of his timber trees without his knowledge and against his will.
Id.
If the purpose of imposing multiple damages is not punitive but compensatory, there is no good reason why such damages should not be awardable against a principal whose agent steals from another, with or without the principal's wilful or wanton participation in or ratification of the theft. Maisenbacker v.Society Concordia, supra (imposing compensatory damages, but not punitive damages, on a principal whose liability for the intentional torts of his agent was based solely upon the theory of respondent superior).
5. The defendant's motion to strike paragraphs 9 and 10 of the plaintiffs' prayer for relief, requesting several forms of relief under CUTPA and CUSA, respectively, is hereby denied due to the Court's prior denial of the defendant's motion to strike Counts Five and Six, except as to the plaintiffs' request for punitive damages under CUTPA, which is hereby ordered stricken for the reasons stated in paragraph 3 of this Memorandum Order.
So ordered this 13th day of October 1998.
MICHAEL R. SHELDON, J.