Lamphear *v.* Buckingham.

33 237
63 274
33 237
67 502
33 237
68 356
33 237
69 284
33 237
75 78
75 81

URIAL W. LAMPHEAR, ADMINISTRATOR, *vs.* CHARLES BUCKING-HAM AND ANOTHER, TRUSTEES.

Under section 513 of the statute (Revision of 1866, page 196,) a trustee of a rail-road who operates the road for the benefit of bond holders or creditors, is liable to suit, as such trustee, in favor of the administrator of a passenger fatally injured by negligent carriage.

That part of the statute of 1853 relating to railroads, which fixes the minimum of damages to be recovered for the loss of life of a passenger by reason of negligence in the management of the road, is not penal but remedial.

Whether in an action to recover damages for the loss of a life by reason of such negligence, brought by an administrator, it is necessary to aver in the declaration that there is a widow or an heir at law : *Quære.*

On a hearing in damages upon demurrer overruled by consent, that question is not material ; but it must be shown as matter of fact that there is a widow or an heir at law.

It is not the office of a demurrer to *admit facts*, and strictly speaking it does not admit any thing.

Every action at law is a syllogism, in which the major premise is a proposition of law, the minor one of fact, and the conclusion is the judgment, and it is the sole office of a general demurrer to deny the major premise or proposition of law, claimed by implication from the facts stated.

Whenever a material averment, well pleaded, is passed over by the adverse party without denial, whether it be by pleading in confession and avoidance, or by traversing some other matter, or by demurring in law, or by suffering judgment to go by default, it is thereby for the purposes of pleading, if not for trial before the jury, conclusively admitted ; and it is by so passing over the facts without denial, that a party demurring to a declaration in an action at law admits the material facts well pleaded. He defaults in effect as to the facts, by so pleading as not to deny them.

Cases standing on default and on demurrer overruled therefore are in the same condition in respect to an inquest or hearing in damages.

If the facts alleged are sufficient to constitute a cause of action, it is admitted in either case, and if it is a definite, entire cause, entitling the plaintiff to a sum certain without right of further enquiry, this precise cause of action is admitted. If by the rules of law there is a right to further enquiry the extent of the injury or right claimed is not admitted.

The dicta that "a demurrer admits no facts as facts," and "a demurrer admits the facts alleged for the sole purpose of testing their legal sufficiency," are in effect true, though not strictly so, in chancery practice, where a party may answer over and deny the facts after demurrer overruled; but are not applicable to actions at law. A party by demurring in an action at law, and thereby passing over the facts, admits them in effect as by default and as the basis of an adverse judgment.

Therefore, where, in an action brought by an administrator against the trustees of a railroad, for the loss of the life of the intestate by reason of negligent carriage, the superior court, on a hearing in damages, after demurrer overruled, found as a fact that the defendants were not guilty of any negligence, it was held nevertheless that the plaintiff was entitled to recover the minimum sum of $1000 fixed by the statute.

ACTION on the 544th section of the statute with regard to corporations, (Revision of 1866, page 202,) which provides that in case the life of any passenger on a railroad who is in the exercise of reasonable care shall be lost by the negligence of the railroad company, the company shall be liable to pay damages not exceeding five thousand dollars and not less than one thousand dollars, to be recovered by the executor or administrator in an action on the statute, for the benefit of the husband or widow and heirs of the deceased.

The declaration alleged that Madison Lamphear, the intestate, on the 9th of March, 1865, was a passenger in the cars of the New Haven and New London railroad, which was in the possession and use of the defendants as trustees for the holders of the first mortgage bonds of the railroad company, and that, while the deceased was being transported across the Connecticut river by the ferry boat of the company in the night time, and while in the exercise of reasonable care, he fell overboard and was drowned, by reason of the negligence of the defendants in not providing proper guards at the ends of the boat to prevent passengers from going overboard, and from the defective and improper condition of the boat; claiming five thousand dollars damages.

The defendants demurred to the declaration, and the demur-

Lamphear *v.* Buckingham.

er was overruled and the case heard in damages. Upon the hearing the court found the following facts.

On the 9th day of March, 1865, the defendants were trustees for the benefit of the holders of the first mortgage bonds of the New Haven and New London Railroad Company, and as such trustees were legally in possession of the railroad, and its trains, cars, engines, ferry boats and other property, and were operating the road and carrying passengers thereon. On that day Madison Lamphear was a passenger on the railroad from New Haven to New London, and on his way lost his life by falling from the ferry boat into Connecticut river, which boat was then run by the defendants in connection with the train at the crossing of the river between the towns of Old Saybrook and Old Lyme on the line of the railroad. At the time of the accident he was in the exercise of reasonable care and no fault of his contributed essentially and proximately to occasion his death. There survive him no widow or children, but two brothers and two sisters. The plaintiff at the time of the bringing of the action was his lawful administrator and still continues such. The defendants in the running of their train, and in the construction, condition, lighting and management of their ferry boat, were also at the same time in the exercise of reasonable care and skill and without material negligence or fault.

Upon these facts, under the pleadings, the court found the issue for the plaintiff, and if the law was so that the plaintiff could not recover a less sum in damages than one thousand dollars, then the court found for the plaintiff to recover that sum; but if the law was so that the plaintiff could recover a less sum than one thousand dollars the court found and assessed nominal damages only, and fixed the damages at fifty dollars.

The question whether, under the statute on which the action was brought, the court had power to assess the damages at a less sum than one thousand dollars, was reserved for the advice of this court.

*Doolittle* and *Fay*, for the plaintiff.

1. This action is based upon the 544th section, in connection with the 513th section, of the revised statutes of 1866. The statute, section 544, is said by the defendants to be a penal statute. So far from this being true the statute might well be entitled an act to protect railroad companies from being mulcted in heavy damages by a jury. The statute simply regulates the amount of damages to be recovered. It is to be construed so as to carry into effect the manifest intent of the legislature. That intent was to make the property of the railroad company responsible to pay damages to the executor of a person whose life was lost by the negligence of the company. The statute passed subsequently, section 513th, provides that the same property shall respond while in the hands of trustees, and it directs that the suit which otherwise would be brought against the railroad company shall be brought against the trustees of the railroad as such. It simply directs that the suit shall be brought against the trustees while in the possession and management of the road. The same property is held responsible, for the corporation as such could never be made practically responsible, as it has no property with which to satisfy the claim. Any other construction of the 513th section, inasmuch as it limits the liability of the trustees and exempts them from all responsibility in person or property, would be a palpable violation of the constitution. Const. of Conn., Art. 1, § 12. See *Moore* v. *Stevenson*, 27 Conn., 14; *Hotchkiss* v. *Porter*, 30 id., 414. A penal statute is an act whereby a forfeiture is inflicted for transgressing the provision therein contained. *Dwarris on Statutes*, 642. The forfeiture goes to the public. A penal statute may be remedial, and is to receive a liberal interpretation and one which will advance the remedy. *Dwarris on Statutes*, 642, 690, 691, 699, 704, 718, 720, 721, 734, 752, 754; *Wolcott* v. *Pond*, 19 Conn., 603.

2. The statute provides that damages shall be paid to the use of the executor to be recovered by the executor in an action on the case on the statute for the benefit of certain persons, &c. The damages recovered become a fund " to the use of the executor," out of which he is to pay, first, the

expenses attending the recovery of the damages, second, the expenses of the court of probate, and the remainder to be disposed of according to law. The remainder of the statute is merely directory as to the disposition of the residuum of the fund. The law presumes every one has heirs. The suit is therefore maintainable without any allegation that there are heirs. *Quin* v. *Moore,* 15 N. York, 432 ; *May* v. *Inhabitants of Princeton,* 11 Met., 442. [McCurdy, J. But where two persons were killed, one having heirs and the other none, should you not bring suit for one on this statute, and for the other under a former statute authorizing an administrator to sue in case of such a death, without providing as to how the amount recovered should be disposed of ?] It may be that if there is no husband or wife and no heirs, there can be no right of action under this statute. But whether there are such heirs is a matter of proof not of allegation. Here we proved and the court has found that there were heirs, and that is enough. The executor has given a bond to the court of probate and he will distribute this fund according to law and satisfy the conditions of his bond for the faithful performance of his trust.

3. The demurrer admits a cause of action, and " it necessarily follows from a judgment on the demurrer that there is a cause of action, or some cause of action, but precisely what and of how great extent does not appear ; and without additional proof the plaintiff will recover only nominal damages." *Havens* v. *Hartford & New Haven R. R. Co.,* 28 Conn., 90. The demurrer admits a cause of action, and having a cause of action on the statute, the plaintiff has his damages fixed by law at not less than $1000. It was said in the trial below that the demurrer only admits a common law cause of action. The action is based upon the statute and is unknown to the common law. *Conn. Mutual Life Ins. Co.* v. *N. York & N. Haven R. R. Co.,* 25 Conn., 265 ; *Murphy* v. *Same,* 30 id., 188.

*Blackman* and *L. H. Bristol,* for the defendants.

*First.* The declaration discloses no cause of action under the statute on which it is founded, although it discloses facts

enough outside of that statute to have enabled the plaintiff to recover upon the general issue. Assuming that a demurrer makes some admission, it follows that if the declaration does not show a statutory cause of action and yet does set out a cause of action irrespective of the statute, the effect of the demurrer can only be to admit such a cause of action as will entitle the plaintiff to nominal damages in the common acceptation of the phrase.

1. The declaration does not disclose a cause of action under the statute referred to. 1st. The statute provides that " if the life of any person shall be lost by reason of the negligence of any railroad company, such railroad company shall be liable to pay damages," &c. By the express words of the statute the right of action under it is limited to injuries received at the hands of railroad corporations. The declaration alleges that the injuries complained of were received through the negligence of the servants of two individuals, and from these individuals not from any company the plaintiff seeks to recover damages. Further, the statute is penal and not remedial. It exactly conforms to the established definition of such a statute. " Penal statutes are such acts of parliament whereby a forfeiture is inflicted for a violation of its provisions." Dwarris on Statutes, 642. " It can not be doubted that a pecuniary penalty for a violation of or nonconformity to an act of Congress, is as much a punishment for an offense against the laws as if a corporal penalty had been inflicted. *United States* v. *Lathrop*, 17 Johns., 4, 9. The title of the act as originally enacted was " an act to prevent the destruction of life on railroads." Statutes of 1853, p. 132. Penal statutes are not to be extended beyond the strict letter of the law, and in such statutes nothing may be assumed by implication. *Church* v. *Thomson*, Kirby, 98 ; *Daggett* v. *The State*, 4 Conn., 60 ; *Leonard* v. *Bosworth*, id., 421 ; *Ely* v. *Peck*, 7 id., 241 ; *Coe* v. *Lawrence*, 16 Eng. Law & Eq., 252. There is a solid reason for providing such a penalty against any railroad company, that does not exist against trustees for bondholders of a railroad company. In the one case the railroad company, the corporation running

its own road, are presumed by the legislature to be able to respond, while in the other case the trustees are a badge of the insolvency of the corporation, and if the legislature had intended to implicate them or the assets in their hands in similar cases they would have so enacted, but no such provision is found in the railroad act of 1858 under which these defendants act. 2d. The statute further provides that damages shall be recovered by the executor or administrator " for the benefit of the husband or widow and heirs of the deceased person." To constitute a cause of action under the statute it is essential that the deceased should have left either a widow or heirs; if he left neither there is no statutory cause of action, because there is then no living party to be benefited by a recovery under the statute. By statute the administrator is made a trustee for certain beneficiaries; if he recovers it is for their benefit, and if these beneficiaries fail the trust must also fail. As the existence of a widow or heirs is indispensable to constitute a cause of action, this material fact must be alleged and proved; otherwise *non constat* but that the suit is brought for the benefit of creditors. This view is supported by the adjudged cases. Under the New York statute, providing that in case of injuries resulting in death a recovery may be had by the administrator for the benefit of the widow and next of kin, it is held that in an action brought upon this statute the existence of heirs at law must be alleged and proved. *Lucas* v. *New York Central R. R. Co.*, 21 Barb., 245. In Massachusetts, where the statute provides that in case of loss of life by the negligence of a railroad company a fine shall be recovered by indictment to the use of the administrator for the benefit of the widow or children, and if none to the heirs at law according to the law regulating the distribution of intestate personal estate, it was held, on objection to the sufficiency of an indictment, that " it is sufficient that the administrator is named and that it is alleged that the deceased has left heirs at law. *Commonwealth* v. *Boston & Worcester R. R. Co.*, 11 Cush., 512. The present declaration contains no allegation that the deceased left either a widow or children

or heirs, and therefore considered as a declaration upon the statute it is in this respect fatally defective.

2. The declaration, although fatally defective as a declaration upon the statute, discloses facts enough to have entitled the plaintiff to recover upon the general issue irrespective of that statute. Negligence and omission are the gist of the action, and the special injuries sustained by the plaintiff's intestate are collateral to the issue, and need not be proved to enable the plaintiff to recover. The allegation that the action is " brought upon a certain statute law of this state " may be rejected as surplusage. *King* v. *Mathews*, 5 T. R., 162 ; 2 Hawk. P. C., ch. 25, secs. 115, 116 ; *Rex* v. *Bathurst*, Sayer, 225.

3. In this point of view it is immaterial whether the delaration is good or bad as a declaration upon the statute. It is conceded that a demurrer admits only those facts which the plaintiff must have proved in order to recover upon the general issue, and as the declaration sets out facts enough to enable the plaintiff to recover upon the general issue, irrespective of the statute, the present demurrer admits only those facts, and this admission can entitle the plaintiff to nothing more than nominal damages in the ordinary sense, and this court will not presume that the defendants by their demurrer intended to admit a penalty of $1,000.

*Second.* If however the demurrer admits a statutory cause of action the effect of such admission is not what is claimed by the plaintiff.

1. In order to recover upon this statute the plaintiff must prove two facts and establish them as facts. 1st. The specific fact that the plaintiff's intestate lost his life by reason of the negligence of the defendants. 2d. The further specific fact that no want of ordinary care on the part of the decedent materially contributed to produce the injury. The claim made by the plaintiff is that the demurrer, admitting a cause of action, admits those facts as facts ; in other words that the demurrer is a rule of evidence to establish those facts.

2. A demurrer admits nothing as a rule of evidence ; it only admits the facts stated in the pleadings for the sole pur-

pose of testing their legal sufficiency. *Pease* v. *Phelps*, 10 Conn., 62 ; *Havens* v. *Hartford & N. Haven R. R. Co.*, 28 id., 69, 90 ;˙ *Bates* v. *Loomis*, 5 Wend., 134 ; *Tompkins* v. *Ashby*, Mood. & Mal., 32. That a demurrer does not admit even a cause of action, that is, those facts essential to constitute a cause of action, as a rule of evidence, is shown abundantly by reference to these and other cases. If, in an action for negligence at common law, a demurrer does not admit as specific facts the defendant's negligence or the plaintiff's exercise of ordinary care, no more does it prove these things as specific facts in an action for statutory negligence, and without proof of these facts derived from some source the plaintiff does not bring himself within the statute.

3. The true rule in regard to a demurrer is, that it is the admission of a mere right to recover nominal damages. Beyond that admission the whole case is open and the plaintiff must prove his right to more than nominal damages in the same way and to the same extent as upon the general issue. In this respect the effect of the admission by a demurrer is like the admission made under the English practice by the payment of money into court, in which ̄case . the English courts hold that such payment is an admission of a cause of action to the amount paid in and no more. "The plea of payment into court only acknowledges that the plaintiff is entitled to recover the sum so paid ; it does not preclude him from taking any objection to the action beyond that sum, although unless such sum were paid such objection would be a bar to the whole demand. *Cox* v. *Parry*, 1 T. R., 464 ; *Archer* v. *English*, 1 Man. & Grang., 873 ; *Reid* v. *Dickens*, 5 Barn. & Adol., 499 ; *Jourdain* v. *Johnson*, 2 Cromp. Mees. & Ros., 564 ; *Kingham* v. *Robins*, 5 Mees. & Wels., 94 ; *Cook* v. *Hartle*, 8 Car. & P., 568. As the payment of a sum into court is not an admission which precludes the defendant from taking any objection to the action· beyond that sum, so on the other hand the admission of a mere right to nominal damages does not operate as an admission of facts entitling the plaintiff to a greater sum.

BUTLER, J.   The only question reserved for our advice by the superior court on this record is, " whether under the statute on which this action is brought the court has power to find and assess the damages in the case at a less sum than one thousand dollars." As the statute is express both as to the minimum and maximum of damages, it would seem too clear for argument that, " under the statute," to use the language of the court, the minimum sum fixed by it at least must be recovered.

But the counsel for the defendants, in an ingenious and elaborate argument, seek to avoid a recovery for more than nominal damages, on the ground that the case can and should be taken from the operation of the statute and treated as an action at common law.   The points which they make are presented with great apparent confidence, and we will consider them fully in the order in which they are presented.

1. First then, the defendants claim that the declaration does not disclose a cause of action under the statute, and does contain one at common law.   They say that an action does not lie under the statute against the trustees.

The original eighth section of the act of 1853 authorized the action against the railroad company only.   But we are of opinion that the act of 1858, which authorized and regulated the surrender of the road and franchise to trustees for the benefit of creditors, subjected the property in the hands of such trustees to liability, and them to a suit under this statute. The language of the 513th section (Revision of 1866, page 196,) read in view of the object and purpose of the law, is broad enough to justify that construction.   Moreover we think the defendants mistake in assuming the statute to be a penal one. It does not provide a penalty for the breach of a positive law or for a public wrong.   It recognizes the fact that it is or may be a serious injury to the family and heirs of a person to have him or her removed by sudden and premature death, and the peculiar damage of such removal from a negligent management of railroads, and provides for compensation to the family or heirs in case of such death, and lacks some of the essential characteristics of a penal statute.   The General

Assembly intended by the act either to regulate and limit the right of action then existing in favor of the administrator or to provide a new and substitute one. And whether one or the other is a question of some nicety, which it is of no importance to discuss or decide. The plaintiff has wisely adapted his declaration to either view of the question, and in either event the statute is remedial. The statute of New York in relation to the same subject matter, which is substantially similar in character, and clearly new and independent, has been holden by their courts remedial and not penal. *Beach* v. *Bay State Co.*, 10 Abbott's Pr. R., 71; S. C., 30 Barbour, 433, and cases cited.

2. The defendants further claim that the declaration is defective as a declaration on the statute because it does not contain an averment that there is a widow or heirs at law. To this the plaintiff replies that the existence of heirs will be presumed and the allegation is unnecessary. It is certainly possible that a person may die without heirs at law, and the statutes of this state have always contained a provision in such an event for the escheating of the estate. But instances where estate has escheated for the want of heirs have been very rare. Perhaps in view of the very great improbability that a person can be without heirs at law it would be safe and just in a civil case to presume their existence. But we are not called upon to decide that question. The objection goes to the capacity of the plaintiff to sue. If that capacity does not sufficiently appear on the face of the declaration, it is a defect reached by the demurrer. If the objection was taken in the court below it was necessarily overruled; if not taken it was waived. If overruled, the defendants by neglecting to file a motion in arrest, and going to trial on a hearing in damages, waived it. And it does not appear that the demurrer was heard or overruled *pro forma*, and for aught that appears on the record the defendants waived a hearing on the demurrer, and all objections to the judgment, if any, and consented that the demurrer should be overruled *for the purpose* of a hearing in damages, and the practice in these cases justifies us in assuming that such was the case. The declaration is also

amendable, and the court have found the fact that there are heirs, for aught that appears without objection, and they ask our advice whether a less sum than $1,000 can be given " *under the statute* " upon the facts found.

Under these circumstances the objection, if it be one, can not avail the defendants on the question reserved. And for these reasons we are of opinion that this action can not be viewed by us, in advising the superior court in respect to the amount of damages which should be assessed, as an action at common law to which the statute does not apply, and in which nominal damages can be given.

3. The defendants insist, in the third place, that if the demurrer admits a statutory cause of action it admits no specific facts *as facts,* and therefore admits no statutory negligence, and no right except the *mere* right to recover *nominal damages.* This involves an inquiry into the nature and effect of a demurrer. There has been much discussion respecting them in this court and elsewhere during the last few years, and still they do not seem to be clearly understood. The defendants certainly have misapprehended them. The misapprehension has probably arisen from the inaccuracy of the usual expression, " a demurrer admits," &c. Strictly speaking a demurrer does not admit anything, and in order to express more clearly, and so that they can not be misunderstood, the views held by this court, it seems necessary to recur to first principles.

Every action at law to redress a wrong or enforce a right, if properly instituted, is a syllogism, of which the major premise is the proposition of law involved, and the minor premise the proposition of fact, and the judgment the conclusion. Blackstone states it thus: (Com. Vol. 3, page 396:) " The judgment, though pronounced or awarded by the judges, is not their determination or sentence, but the determination or sentence of *the law.* It is the conclusion that naturally and regularly follows from the premises of law and fact, which stand thus:—against him who hath rode over my corn I may recover damages by law; but A. hath rode over my corn; therefore I shall recover damages against A." Usually the major

premise is not set out in the declaration, but the proposition claimed is implied from or involved in the facts stated.   The plaintiff in an action of tort, for instance, summons the defend-ant to answer, for that at a certain time and place he committed in a certain manner a certain wrong, to the plaintiff's damage, &c., and by so doing impliedly claims that the law is so that he is entitled on those facts to recover.   To this syllogism the defendant must answer according to the rules of law.   If he *expressly* admits on the record the law and the fact, both·· premises, he consents to the conclusion, the judgment, or as it is technically expressed, " *confesses judgment.*"   If he declines or omits to appear pursuant to the summons, or appearing declines or omits to answer when called upon to do so, he impliedly admits both propositions or premises to be true by his default, and judgment follows technically as a judgment by default, pursuant to a necessary rule of law stated broadly by Mr. Taylor (Ev. 669,) thus:—" Whenever a material averment well pleaded is *passed over* by the adverse party without denial, whether it be by pleading in confession and avoidance, or by traversing some other matter, or by demurring in law, or by suffering judgment to go by default, it is thereby, for the purpose of pleading if not for trial before the jury, conclusively admitted.   So the defendant may traverse or expressly deny the facts or the minor premise, and will be held on the same principle to have admitted the major, and, if the minor is found true, judgment—the conclusion— is awarded on the verdict.   And so he may deny the major premise, the proposition of law involved, by a demurrer, and failing thereby to deny and passing over the facts, if well plead-ed and sufficient to constitute a premise, *he defaults as to them*, and thereby and by the same rule is holden to have admitted them ; and if the issue in law is found true, final judgment passes for the plaintiff.   The facts if well pleaded and suffi-cient are admitted, not because the demurrer admits them expressly or by force of any office it performs, but because the defendant has not denied and has defaulted them.   A defendant therefore who demurs to a declaration admits, not by his demurrer but by his omission to deny them, all the

material well pleaded facts alleged in it; and when his demurrer is overruled the case is in the same condition precisely that it would have been if he had suffered a default and not demurred. All the difference between the two is, that in one case he denied the major premise of law and it has been found true, and, the minor having been admitted by a failure to deny, both are to be holden true; in the other he denied neither, and therefore both are to be holden true.

The condition of a case before the court after demurrer overruled and after default being precisely the same, and the effect of demurring or defaulting being precisely the same in admitting the facts, the question as to both is answered by what the law is as to either. What then is the effect of a default? What facts does it admit? It has been said by some writers and judges that it admits *the* cause of action, and by others that it admits *a* cause of action merely. Mr. Roscoe in his work on evidence states the proposition broadly thus—" Suffering a judgment by default is an admission on the record of the cause of action." The true rule is that it admits the cause of action *as alleged*, in full, or to some extent, according to the nature of the action. As it admits all the *material* facts well pleaded, if a distinct, definite, entire cause of action is set forth, which entitles the plaintiff to a sum certain *without further inquiry*, it admits the cause of action in full as alleged. If by the rules of law further inquiry is to be had to ascertain the amount due, or the extent of the wrong done, and of the damage to be recovered, then it admits the cause of action, but not to the *extent alleged*, and subject to such inquiry. Thus, if it be debt on bond for a sum certain the whole is admitted, and no further inquiry is had, and so if assumpsit on a note or bill, and there are no indorsements entered on it, and the defendant does not move for an inquiry, the cause of action and the amount claimed are admitted. The note must be produced but need not be proved. *Greene* v. *Hearne*, 3 T. R., 301; Roscoe Ev., 10 ed., 71. But in actions of tort for unliquidated damages a *different* rule is *necessarily* applied. In such actions the plaintiff does not declare for a specific thing but has an unlimited license

in declaring, and may allege as much of wrong and injury, and demand as much damage as he will, and recover by proving any amount however small if sufficient to sustain an action. A defendant therefore in an action of tort is not holden to have admitted by his default the *extent* of the injury. It is assumed that, as the plaintiff may allege more than is true, he probably has done so, and the defendant by his default is considered as admitting the wrong to some extent, leaving that extent to be inquired into to enable the court to fix the damages, because such an inquiry is always and necessarily had in such cases. But he admits the wrong, and consequent right of the plaintiff to recover to some extent. By our practice this inquiry is not by writ of inquiry, or by reference, but made by the court on a hearing in damages. On that hearing, it results from the very nature of the inquiry, that any evidence tending to belittle or mitigate the injury complained of and admitted, and any evidence tending to aggravate it, is admissible. If in proving the extent to which he was in fault, the defendant prove that he was not in fault at all, and that the injury occurred through the fault of the plaintiff, the plaintiff can not complain. The evidence does not deprive him of his right to judgment; it merely shows that, as he is not in fact entitled to any damages, he can only have such as the law gives him by reason of the admissions on the record. In the light of these elementary principles we may see how far the various dicta cited in the argument are true. One of them is that " a demurrer admits no facts as facts." That, as applicable to *chancery* practice, is true, for in chancery, when a demurrer is overruled, the respondent can answer over and show the averments to be untrue ; but it is not true at law. It admits, or rather the party, by demurring only, admits, all or so much of the facts as facts as may be necessary to sustain a judgment. Again, it is said " a demurrer admits nothing as a rule of evidence." If any thing more was intended by the author of that expression than that it does not admit facts alleged in the declaration, so that they could be used as evidence on the inquest, reference or hearing in damages, it is an unintelligible and unfortunate expres-

sion. Of course on the inquest or hearing, where the object is to ascertain the *extent* to which the facts alleged are true, it would be absurd to offer the facts alleged in evidence, as fully *admitted* by the pleadings to be true, to *prove* themselves true. Such an inquiry would be senseless and unnecessary. Again, it is said that a demurrer admits the facts alleged for the sole purpose of testing their legal sufficiency. This too is an attempt to use at law a rule in chancery. In chancery practice as we have said, the facts are not admitted by being passed over, but are supposed to be true, for the purpose of testing their legal sufficiency at law. They are, each and all that are material, admitted to be true to some extent, as the basis of a final judgment. And so of the claim that " a demurrer admits a *mere* right to recover *nominal damages.*" It admits no right. It admits, or the party by demurring admits, the facts as true to some extent. The law bases the right and the judgment on the facts as admitted.

Applying these principles to this case, we are satisfied the plaintiff is entitled to recover the sum of one thousand dollars. The defendant by his demurrer and his omission to deny the facts, admitted *the cause* of action and *every material element* of it, and negligence was one of them. If the damages had been fixed by the statute at a single sum of $1,000 or $5,000, no hearing in damages would have been necessary or proper. No evidence which the defendant could properly offer, and no fact which the court could properly find, would affect the right of the plaintiff to recover that sum. And this is true whether the statute be regarded as giving a new right of action, or regulating the amount of damages and their disposition in an old one. The statute gives the court a discretion as to the amount of the damage above the sum of $1,000 and up to $5,000, and to that extent the court could properly inquire and were bound to inquire. It is of no importance that the court have found there was no negligence in fact. The existence of sufficient negligence to give a right of recovery on the statute, if it gives a new action, was a material fact, a material element of the cause of action, and was conclusively admitted. And so of every other material ele-

ment of a cause of action under the statute which was alleged, for all the allegations necessary to bring the plaintiff's case within the statute and give him the right of action provided by the statute, were material, and were of course admitted by the omission to traverse them.

We advise judgment for the sum of $1,000.

In this opinion the other judges concurred.