## HALBERT G. LITTLEJOHN, administrator, *vs.* FITCHBURG RAILROAD COMPANY.

### SAME *vs.* SAME.

Suffolk.     January 19, 1889. — February 27, 1889.

Present: MORTON, C. J., FIELD, HOLMES, & KNOWLTON, JJ.

*Loss of Life — Railroad — Negligence — Child riding free a Passenger.*

At the trial of an action on the Pub. Sts. c. 112, § 212, by an administrator against a railroad corporation for causing the death of his children, riding free with him by reason of age on a passenger train thrown from the track, it appeared that the railroad was operated by the corporation under an agreement with the Commonwealth, which owned it, whereby the former was to provide the motive power and the latter to construct and maintain the road-bed and track in good condition. A bill of exceptions alleged by the defendant recited that it also appeared, and was not denied, that the accident was caused by the settling of the track as a result of the working of water under its bed consequent upon the filling up of the ditches alongside it, and that the track was "improperly constructed, and was in the above respects visibly improperly kept in repair." The presiding judge refused to rule, as requested by the defendant, that "the defendant is not responsible for the defective condition of the road, unless the defendant had notice of the same, or might have had notice by the exercise of due care." *Held*, that the defendant showed good ground of exception.

TWO ACTIONS OF TORT, brought to recover damages under the Pub. Sts. c. 112, § 212, for the death of two minor children of the plaintiff, aged respectively one and three years. The cases were tried together in the Superior Court, before *Mason*, J., who allowed a bill of exceptions, in substance as follows.

The said children were riding with their parents upon a passenger train run by the defendant over the Troy and Greenfield Railroad, under an agreement, the material parts of which are as follows :

" This agreement, made this fourteenth day of August in the year 1880, in accordance with section 2, chapter 261, of the laws of 1880, by and between G. Clinton Gardner, the manager of the Troy and Greenfield Railroad and Hoosac Tunnel, by direction of the Governor and Council, and the Fitchburg Railroad Company, Witnesseth :

" First. The said manager hereby agrees that the said Fitchburg Railroad Company shall, subject to the provisions of section 4 of chapter 261 of the Acts of 1880, and of the act therein named, have full right and authority to operate said Troy and Greenfield Railroad and Hoosac Tunnel from the station at North Adams to the station at Greenfield for a period of seven years from September 30, 1880, it being understood that the said manager shall construct, furnish, equip, and maintain in good condition on and for the said Troy and Greenfield Railroad, as heretofore done by him, the road-bed, track, freight, passenger, and water stations, engine-houses, coal sheds, turn-tables, and all other fixtures and appurtenances necessary for the said operation of said Troy and Greenfield Railroad, and shall also provide as heretofore all employees necessary for such purpose. . . .

" Third. The Fitchburg Railroad Company shall furnish all motive power, passenger, baggage, express, mail, and freight cars ; all supplies and materials incident to and connected with said motive power and rolling stock ; also all employees for operating trains, and do all work, except as above provided, incidental to or connected with said trains, except in case of accident to trains on said Troy and Greenfield Railroad caused by the condition of the track or road-bed thereof, or by the negligence of the State's employees thereon."

It appeared, and was not denied, that it had been rainy weather for a week prior to the accident ; that there was no

culvert at the place of the accident; that the embankment was built of earth and gravel upon a sloping surface of rock; that the ditches at the place had been filled up for about two months prior to the accident, so that the water escaped by working under the bed of the track; that so far as relates to the aforesaid embankment, the railroad at this point was improperly constructed, and was in the above respects visibly improperly kept in repair; and that these various acts of negligence caused the injuries.   There was no evidence introduced that the train was run or managed improperly, or that there was any fault on the part of the defendant, unless it could be held responsible for the defective condition of the railroad.

.The plaintiff, who was in the employment of the Troy and Greenfield Railroad Company, and his wife, were riding upon a free pass, issued to him because of that fact, and the undisputed testimony was that children of the age of the plaintiff's were allowed to ride free on the defendant's trains when accompanied by an adult, whether the adult was riding upon a ticket, or upon a free pass; and no fare was collected either of the plaintiff and his wife or of the children.

At the close of this evidence, the defendant moved that the case be taken from the jury, on the ground that the evidence was not sufficient to warrant a verdict, and asked for the following rulings:

" 1. The defendant is not responsible for the original defective construction of the road at this point.

" 2. The defendant is not responsible for the defective condition of the road, unless the defendant had notice of the same, or might have had notice by the exercise of due care.

" 3. The deceased were not passengers of the defendant in such sense as to render the defendant liable for the defective track without other negligence on the part of the defendant.

" 4. The defendant is liable only for its own negligence, and the negligence of the Commonwealth and of its agents cannot be imputed to it."

The judge declined to make these rulings, and denied the motion, and the defendant excepted.

The jury returned a verdict in each case for the plaintiff for $2,500, as agreed; and the defendant alleged exceptions.

*G. A. Torrey*, for the defendant.

*I. R. Clark*, for the plaintiffs.

HOLMES, J.   If this were an action to recover for personal injuries, brought by a passenger who had paid his fare, it would make no difference in the defendant's liability whether the injuries were caused by the negligence of those who were, in a strict sense, the defendant's servants, or by that of a third person who managed the road over which the defendant had undertaken to carry the plaintiff. *McElroy* v. *Nashua & Lowell Railroad,* 4 Cush. 400. *Eaton* v. *Boston & Lowell Railroad,* 11 Allen, 500. *White* v. *Fitchbury Railroad,* 136 Mass. 321, 325. *Railroad Co.* v. *Barron,* 5 Wall. 90, 104. And the case would not be altered by the fact that the person in charge was the Commonwealth. *Peters* v. *Rylands,* 20 Penn. St. 497.

There are weighty decisions, also, to the effect that in such an action the defendant is liable, not only for negligence at the time of the accident, but for any defect in its appliances which might have been discovered at the time when they were made, although the defendant did not make them and the defect could not have been discovered afterwards. *Hegeman* v. *Western Railroad,* 13 N. Y. 9. *Pendleton* v. *Kinsley,* 3 Cliff. 416, 421. *Philadelphia & Reading Railroad* v. *Anderson,* 94 Penn. St. 351, 359. *Francis* v. *Cockrell,* L. R. 5 Q. B. 184, 501. *Grote* v. *Chester & Holyhead Railway,* 2 Exch. 251, 255. Compare *Ingalls* v. *Bills,* 9 Met. 1, 11. See *Pennsylvania Co.* v. *Roy,* 102 U. S. 451 ; Hutchinson on Carriers, §§ 509–512. And see *Grand Rapids & Indiana Railroad* v. *Huntley,* 38 Mich. 537, 546, 547, citing *Richardson* v. *Great Eastern Railway,* 1 C. P. D. 342. Compare *Wright* v. *Midland Railway,* L. R. 8 Ex. 137.

In some of the cases it is intimated that the negligence of the third person is imputed to the carrier. *White* v. *Fitchburg Railroad,* 136 Mass. 321. *Peters* v. *Rylands,* 20 Penn. St. 497. *Pennsylvania Co.* v. *Roy,* 102 U. S. 451. *Wabash, St. Louis, & Pacific Railway* v. *Peyton,* 106 Ill. 534, 540. And in some instances, at least, the declaration has alleged negligence on the part of the defendant only. See *Great Western Railway* v. *Blake,* 7 H. & N. 987 ; *Buxton* v. *North Eastern Railway,* L. R. 3 Q. B. 549 ; *Thomas* v. *Rhymney Railway,* L. R. 5 Q. B. 226, and L. R. 6 Q. B. 266 ; *Peters* v. *Rylands,* 20 Penn. St. 497 ; *Hegeman* v. *Western Railroad,* 13 N. Y. 9. In an early case it was said, " Everything is a negligence in a carrier or hoyman

that the law does not excuse." *Dale* v. *Hall*, 1 Wilson, 281, 282. On the other hand, the extreme liability imposed by the foregoing decisions very frequently has been referred to the carrier's implied contract, or to what the passenger reasonably may understand that the carrier assumed. *Thomas* v. *Rhymney Railway*, L. R. 5 Q. B. 226. *Francis* v. *Cockrell*, L. R. 5 Q. B. 184. *Peters* v. *Rylands*, 20 Penn. St. 497. *Eaton* v. *Boston & Lowell Railroad*, 11 Allen, 500. *Nolton* v. *Western Railroad*, 15 N. Y. 444, 447. Compare *Buxton* v. *North Eastern Railway*, L. R. 3 Q. B. 549 ; *Austin* v. *Great Western Railway*, L. R. 2 Q. B. 442, 446. And some judges have pointed out that the liability could not stand on the carrier's negligence, and have suggested that the declaration ought to be varied accordingly. *Thomas* v. *Rhymney Railway*, L. R. 6 Q. B. 266, 275, *S. C.* 40 L. J. Q. B. 89, 95.

These distinctions are not of much importance in actions at common law brought by the passenger himself. But the present action is statutory and penal in its character. The statute does not extend the liability for personal injuries to those injuries which cause death, as in *Little* v. *Dusenberry*, 17 Vroom, 614 (where also, so far as appears, the defendant may have been negligent). It creates a liability of a different nature. The action which it gives to the administrator is merely a substitute for the indictment also provided for, and it is expressly enacted that the damages shall be " assessed with reference to the degree of culpability of the corporation, or of its servants or agents." · Pub. Sts. c. 112, § 212. See *Carey* v. *Berkshire Railroad*, 1 Cush. 475, 480 ; *Commonwealth* v. *Vermont & Massachusetts Railroad*, 108 Mass. 7, 12.

This language imports that there must be some degree of culpability on the part of the corporation or of its servants, and is not satisfied by showing that the corporation assumed a contractual or quasi contractual responsibility for third persons who were not its servants. Suppose, for instance, that the defect ·in the construction of the road was unknown both to the defendant and to the Commonwealth, and could not have been discovered by either through the use of any degree of care, the fact that it was known to the private corporation that originally built the road could not be said to show culpability on the part of the defendant, except by a wilful misapplication of words.

We go one step further.   Supposing that the defect was known to the Commonwealth, and was not known and could not have been known to the defendant, the defendant was not negligent, whatever might have been its liability at common law in this case or the last.   We do not mean to intimate that the facts show any ground for this last supposition.   The defendant was bound to know the visible facts concerning the track over which it carried its passengers.   So far as appears, therefore, it must be taken to have known the facts which with our present knowledge we see pointed out the cause, or a part of the causes, of the disaster.   But it was entitled to go to the jury on the question whether those facts before the accident would have indicated to a competent person, considering them with the care which is necessary where human life is involved, that the road was unsafe.   And under this statute it was entitled to the second ruling asked.

The plaintiff does not contest the correctness of the ruling asked, but suggests that it was unnecessary, because it was asked only as one ground for taking the case from the jury, and because it was undisputed that the improper condition of the road was visible.   The two reasons offered are inconsistent with each other.   We do not find any warrant for the first in the bill of exceptions, and with more hesitation we construe the exceptions to mean only that the filling of the ditch and the escape of water by working under the track were visible, and not that it was also manifest that they constituted a danger.

The defendant now contends, that not only was it entitled to the second ruling asked, but the evidence disclosed no indications of danger, and that the case should have been taken from the jury on that ground.   We cannot go so far as to decide what inferences the defendant ought to have drawn from the visible condition of the road, or the situation where the accident happened.

If the danger might have been discovered by the exercise of due care, the defendant will be liable, whether the defect was in the original construction of the road, or was due to a failure on the part of the Commonwealth to make necessary repairs, or however otherwise it may have been caused.   If the defendant carried its passengers into a place which it knew or ought to

have known was dangerous, it was negligent, although it did not create, and had no right to remove, the danger.

Whether or not there would be any difference between the defendant's common law liability for the negligence of third persons not its servants in the construction or maintenance of the road to passengers who had paid fares, and its liability to those who were being carried lawfully but without consideration, may depend upon the true ground of liability, so far as it exists, when the defendant is itself free from blame, and perhaps is still open to argument. *Todd* v. *Old Colony & Fall River Railroad*, 3 Allen, 18, 20. *Flint & Pere Marquette Railway* v. *Weir*, 37 Mich. 111, 114, 115. Hutchinson on Carriers, § 567, note. But the defendant would be liable at common law for injuries caused by its own negligence to passengers carried gratuitously, and the statute makes no distinction between gratuitous and paying passengers, if the person killed is a passenger. There is no doubt that the plaintiff's children were passengers. See *Todd* v. *Old Colony & Fall River Railroad*, 3 Allen, 18 ; *Wilton* v. *Middlesex Railroad*, 107 Mass. 108 ; *Wilton* v. *Middlesex Railroad*, 125 Mass. 130 ; *Commonwealth* v. *Vermont & Massachusetts Railroad*, 108 Mass. 7 ; *Austin* v. *Great Western Railway*, L. R. 2 Q. B. 442.                    *Exceptions  sustained.*