ALEXANDER CRISTILLY, ADMINISTRATOR, *vs.* CHARLES H. WARNER.

Third Judicial District, New Haven, June Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Subject to certain recognized exceptions, a party can enforce in our courts any legal right of action which he may have. He may not enforce a right of action created by the penal laws of another State; nor rights arising under the law of another State which are injurious to our public rights, or to the interests of our citizens, or are against our morals or public policy, or violate our positive laws.

The statute of Massachusetts (chapter 375 of the Acts and Resolves of 1907) imposing a liability of not less than $500 nor more than $10,000 for causing death by negligence, and prescribing that the amount recoverable by the decedent's executor or administrator shall be assessed with reference to the degree of culpability of the defendant, has repeatedly been held to be a penal statute by the highest court of that Commonwealth, and such construction will therefore be accepted as final by the courts of this jurisdiction.

In this State the basis of recovery for such a wrong has always been that of just compensation to the decedent's estate; and under such circumstances, to permit the recovery of the penalty imposed upon the defendant by way of punishment, as provided by the Massachusetts statute, would be against our well-settled public policy.

Our statute (chapter 193 of the Public Acts of 1903) limiting one year within which to bring an action for causing death, has no relation to an action to recover the penalty provided by the Massachusetts statute, which allows two years for bringing cases based thereon.

Argued June 10th—decided October 30th, 1913.

ACTION based upon a statute of Massachusetts to recover damages for personal injuries received in that

State and resulting in the death of the plaintiff's intestate, a resident of Massachusetts, and alleged to have been caused by the negligent operation by the defendant of his automobile, brought to the Superior Court in New Haven County where a demurrer to the complaint was sustained (*Reed, J.*) and thereafter judgment rendered (*Burpee, J.*) for the defendant, from which the plaintiff appealed. *No error.*

*Clayton L. Klein,* with whom was *Francis P. Guilfoile,* for the appellant (plaintiff).

*William E. Thoms,* with whom was *John F. Mc-Donough,* for the appellee (defendant).

WHEELER, J. The complaint states that the defendant was operating his automobile in a negligent manner upon a street in a thickly settled part of Springfield, Massachusetts, at an unreasonable speed, and contrary to the ordinances of said city and the laws of the Commonwealth; that without warning, although notified of the danger to the plaintiff's intestate, a five-year old child, and without reducing the speed of his automobile or attempting to avoid a collision with the child, because of his reckless and negligent operation, he ran his automobile upon the child, who, in the exercise of due care, was then crossing the street, and caused her the injuries from which she shortly died.

The complaint further states that at the time of the collision the law of Massachusetts was and still is: "If a person or corporation by his or its negligence, or by the negligence of his or its agents or servants while engaged in his or its business, causes the death of a person who is in the exercise of due care and not in his or its employment or service, he or it shall be liable in damages in the sum of not less than five hundred dollars nor more than ten thousand dollars, to be assessed with reference to the degree of his or its culpability or that

of his or its agents or servants, to be recovered in an action of tort, commenced within two years after the injury which caused the death, by the executor or administrator of the deceased, one-half thereof to the use of the widow and one-half to the use of the children of the deceased; or, if there are no children, the whole to the use of the widow; or, if there is no widow, the whole to the use of the next of kin." Revised Laws of Massachusetts, Chap. 171, § 2, as amended by Chap. 375 of the Acts and Resolves of Massachusetts, 1907. The action is thus based upon this statute.

The demurrer to the complaint rests upon three grounds: first, that the statute is a penal one; second, that it is contrary to the public policy of Connecticut; and third, that the action was not brought by an administrator duly qualified in Connecticut within one year from the date of accident. The trial court sustained the demurrer upon the first ground.

It is a general principle of our law that the plaintiff has the right to enforce in our courts any legal right of action which he may have, whether it arise under our own law or of that of another jurisdiction. *Vanbuskirk* v. *Hartford Fire Ins. Co.*, 14 Conn. 583, 591. There are certain recognized exceptions to this general rule. We do not enforce foreign statutes which are penal, or rights arising thereunder. Nor do we enforce the law of another jurisdiction, nor rights arising thereunder, which we conceive to be "injurious to our public rights" or to the "interests of our citizens," nor those which "offend our morals" or "contravene our [public] policy," or "violate . . . our positive laws." *Vanbuskirk* v. *Hartford Fire Ins. Co.*, 14 Conn. 583, 592.

In construing a foreign statute, we accept the construction of the statute adopted by the highest tribunal of the jurisdiction of the statute. *Crum* v. *Bliss*, 47 Conn. 592, 599.

No action lay under the common law of Massachusetts to recover damages for death through negligence. *Carey* v. *Berkshire R. Co.*, 55 Mass. (1 Cush.) 475.

By statute (Acts and Resolves of 1840, Chap. 80) a remedy was provided against a carrier of passengers, for the death of a passenger through its negligence, by indictment and fine within certain limits, to be greater or smaller according to the degree of culpability attached to the defendant and not to the loss suffered. The fine was distributed to the widow and heirs. This statute has always been held in Massachusetts a penal one. It was pointed out in *Carey* v. *Berkshire R. Co.* that this statute and the English statute, Lord Campbell's Act, were framed on different principles; the latter upon the principle of damages proportioned to the injury, the former upon the principle of punishment. "The penalty, when thus recovered, is conferred on the widow and heirs, not as damages for their loss, but as a gratuity from the Commonwealth." *Commonwealth* v. *Boston & L. R. Corp.*, 134 Mass. 211, 213.

Later on an action of tort for a death was given against a railroad (Acts and Resolves of 1881, Chap. 199) as an additional remedy to that by indictment, and the Act provided that the damages should be "assessed with reference to the degree of culpability of said corporation or of its servants or agents." The court held this remedy was penal. *Littlejohn* v. *Fitchburg R. Co.*, 148 Mass. 478, 482, 20 N. E. 103. "Originally," the court said, "the remedy was by indictment. Afterwards it was extended to an action of tort. . . . But only one of the remedies can be pursued by the executor or administrator. . . . It is in substance a penalty given to the widow and children and next of kin, instead of the Commonwealth, and as such the intestate could not release the defendant from liability for it." *Doyle* v. *Fitchburg R. Co.*, 162 Mass. 66, 71, 37 N. E. 770. The

remedy of tort was extended to railways; and thereafter the court said: "The conclusion which has been reached as to the character of these two acts (St. 1881, C. 199, and St. 1886, C. 140) could not have been avoided. It had to be held that these acts gave a civil remedy for the recovery of a penalty imposed by way of punishment. . . . It was provided that the amount to be recovered in the action of tort was 'to be assessed with reference to the degree of culpability of said corporation or of its servants or agents.' That fixed the character of the action of tort under these two acts. . . . By that provision the effect of these two acts was to give a civil remedy for the recovery of a penalty imposed by way of punishment." *Hudson* v. *Lynn & B. R. Co.*, 185 Mass. 510, 517, 518, 71 N. E. 66.

This form of remedy was extended to other defendants, until the general statute, providing an action against any person or corporation, appeared in its present form in chapter 375 of the Acts and Resolves of 1907.

Under the remedy by indictment for a negligent death, or that in tort, the fine was imposed and the damages assessed on the same basis, according to the degree of culpability and not according to the loss.

Of this statute (chapter 375 of the Acts and Resolves of 1907) the Supreme Court of Massachusetts thus expressed itself: "The statute may be designated as remedial for the reason that a remedy is provided where before its enactment none existed. But the damages assessed are distinctly grounded upon the defendant's culpable misconduct and are diminished or enhanced according to the degree of his delinquency." *Brown* v. *Thayer*, 212 Mass. 392, 399, 99 N. E. 237. This is the latest utterance of that court upon this subject, and we think, in the light of the uniform construction given this language when found in the various statutes affording

the remedy by indictment and in tort, that it should be regarded as final.

The expressions found in *Brooks* v. *Fitchburg & L. St. Ry. Co.*, 200 Mass. 8, 86 N. E. 289, and *Grella* v. *Lewis Wharf Co.*, 211 Mass. 54, 58, 59, 97 N. E. 745, that the statute is a remedial one, were not inaccurate as applied to the situation discussed, although, without explanation, apt to prove somewhat misleading. The statute is in a sense a remedial one, for it has, step by step in its progress of amendment, furnished a remedy where none existed before. Other tribunals have reached a similar view of similar statutes and of the law of Massachusetts. *Adams* v. *Fitchburg R. Co.*, 67 Vt. 76, 30 Atl. 687; *O'Reilly* v. *New York & N. E. R. Co.*, 16 R. I. 388, 17 Atl. 171, 906, 19 id. 244.

We have never allowed a recovery in a case of a negligent death, upon any theory save that of just compensation. We have never penalized for such a wrong. To permit this to be done would be against our public policy, and comity does not require that we enforce the statute of a foreign jurisdiction which is so manifestly contrary to the public policy of our law. *Vanbuskirk* v. *Hartford Fire Ins. Co.*, 14 Conn. 583, 592. This rule is of universal recognition. *Higgins* v. *Central N. E. & W. R. Co.*, 155 Mass. 176, 29 N. E. 534; *Texas & P. Ry. Co.* v. *Cox*, 145 U. S. 593, 12 Sup. Ct. Rep. 905.

The action was begun by the administrator appointed in Massachusetts shortly after the accident. Subsequently, without objection, the administrator appointed in Connecticut became a party, within two years, but over one year, subsequent to the accident. One cause of demurrer is that the action was not brought within one year, the period of limitation within which, under chapter 193 of the Public Acts of 1903 (p. 149), actions for just damages for injuries resulting in death must be brought.

Cristilly *v.* Warner.

The present action is not of the character of the actions provided for by our statute of limitations, and it has no relation to an action to recover a penalty. Moreover, the Massachusetts statute limits the recovery of the penalty to two years, and actions thereunder are governed by its limitation.

There is no error.

In this opinion PRENTICE, C. J., THAYER and RORABACK, Js., concurred.

BEACH, J. (dissenting). I dissent from the conclusion that the Massachusetts statute is a penal statute in the international sense, and from the conclusion that its enforcement would contravene the public policy of the State of Connecticut.

Upon the question of what laws are penal in an international sense so that they will not be enforced by a foreign court, the decisions are in hopeless conflict; but, looking to the reason of the rule, I think that the English Privy Council and the Supreme Court of the United States are right in holding that it should extend no further than to the criminal law, that is, to public wrongs as distinguished from private rights. *Huntington* v. *Attrill,* 8 Times Law Rep. 341; *Huntington* v. *Attrill,* 146 U. S. 657, 13 Sup. Ct. Rep. 224. The rule appears to me to be properly stated as follows: "The test is not by what name the statute is called by the legislature or the courts of the State in which it was passed, but whether it appears to the tribunal which is called upon to enforce it to be, in its essential character and effect, a punishment of an offence against the public, or a grant of a civil right to a private person." *Huntington* v. *Attrill,* 146 U. S. 657, 683, 13 Sup. Ct. Rep. 224. "In its ordinary acceptation, the word 'penal' might embrace penalties for infractions of general

law, which did not constitute offences against the State; it might, for many legal purposes, be applied with perfect propriety to penalties created by contract; and it, therefore, when taken by itself, failed to mark that distinction between civil rights and criminal wrongs, which was the very essence of the international rule." *Huntington* v. *Attrill*, 146 U. S. 657, 681, 13 Sup. Ct. Rep. 224, citing Lord Watson's opinion in the English case.

There are good reasons why the courts of one State cannot redress the public wrongs of another; and one of them is found in the obvious futility of one sovereign attempting to punish an offense which another sovereign has the right to pardon at will, either before or after sentence. But there seems to be no logical reason for refusing to enforce a foreign-created private right of action, which is transitory in its nature, simply because the defendant's conduct is, by the foreign law, independently punishable as a public wrong, or because the civil remedy in damages afforded by the foreign statute is more or less punitive in intention or effect, on account of the aggravated character of the wrong. As this court said, in *Plumb* v. *Griffin*, 74 Conn. 132, 134, 50 Atl. 1: "Penal statutes, strictly and properly, are those imposing punishment for an offense against the State; and the expression 'penal statutes,' does not ordinarily include statutes which give a private action against a wrong-doer." We have many such statutes; for example, General Statutes, § 1101, gives treble damages for theft; § 1102, double damages for forgery; § 1103, treble damages for removal of bridge; § 1104, treble damages for injury to mile-stone; § 1105, treble damages for vexatious suit; § 1097, treble damages for wrongfully cutting down large, and one dollar each for small, trees, but only actual damages if the trespass was through mistake; and chapter 216 of the Public Acts

of 1905 as amended by chapter 268 of the Public Acts of 1909 authorizes the court to double or treble the actual damages, according to the circumstances of the case, in suits for injuries caused by neglect to conform to the law of the road.

In all these cases the excess over actual damages is assessed because of the defendant's criminal, malicious, or reckless conduct; and, in the case of the last two statutes referred to, the amount of the damages is assessed with reference to the degree of the defendant's culpability.

Yet none of these statutes are held to be penal. In *Plumb* v. *Griffin*, 74 Conn. 132, 50 Atl. 1, § 1097 (then § 1345 of the Rev. of 1888) was held not to be a "penal statute" within the meaning of our statutes of limitation; and in the course of that opinion it was said (p. 135): "In the same chapter of the statutes in which is this section—1345—there is another which provides that 'every person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble its value.' This has never been regarded as a penal statute. . . . Another section— § 1350 [Rev. 1902, § 1102]—provides that every person who shall make and utter any forged or counterfeit document shall pay to the party injured double damages. This statute has been held by this court in *Ross* v. *Bruce*, 1 Day, 100, not to be a penal statute so that an action upon it would be barred by the lapse of one year." And in *Lamphear* v. *Buckingham*, 33 Conn. 237, 246, we held that our statute of 1866, providing for a minimum recovery of $1,000 in case the life of any passenger, in the exercise of due care, should be lost by the negligence of a railroad company, was not a penal statute, saying: "Moreover we think the defendants mistake in assuming the statute to be a penal one. It does not provide a penalty for the breach of a positive

law or for a public wrong. It recognizes the fact that it is or may be a serious injury to the family and heirs of a person to have him or her removed by a sudden and premature death, and the peculiar danger of such removal from a negligent management of railroads, and provides for compensation to the family or heirs in case of such death, and lacks some of the essential characteristics of a penal statute."

Our own definition of a "penal statute," in the strict and proper sense of that phrase, is therefore in accord with *Huntington* v. *Attrill*, 146 U. S. 657, 13 Sup. Ct. Rep. 224, and I do not understand that the opinion of the court expresses any different view. It reaches the conclusion that the Massachusetts courts have characterized the statute as a penal statute, and then appears to hold that we are bound by that characterization. I agree that we must ordinarily accept the construction which the courts of another State have put upon its statutes. But the question here is not simply what the language of the statute means, but whether it is so far penal that our courts cannot properly enforce it; and it seems clear that upon a question of the extent of our own jurisdiction, we ought not to surrender our own conceptions of what is a penal statute, and be controlled by the opinion of a foreign court. "The court appealed to must determine for itself, in the first place, the substance of the right sought to be enforced, and, in the second place, whether its enforcement would, either directly or indirectly, involve the execution of the penal law of another State. Were any other principle to guide its decision, a court might find itself in the position of giving effect in one case, and denying effect in another, to suits of the same character, in consequence of the causes of action having arisen in different countries; or in the predicament of being constrained to give effect to laws which were, in its own judgment,

strictly penal." *Huntington* v. *Attrill,* 146 U. S. 657, 682, 13 Sup. Ct. Rep. 224.

Moreover, the Massachusetts decisions hold, and the opinion of the court agrees, that the statute is in a sense a remedial one; and so it seems that the real objection is not that the statute is strictly and properly a penal statute, under the decisions in either jurisdiction, but that its enforcement would contravene the settled public policy of the State of Connecticut, either because it imposes a minimum recovery of $500, or because the excess damages, if any, are to be assessed with reference to the degree of the defendant's culpability. I do not think the objection is sound in either branch of it.

We do assess damages in some statutory cases with reference to the degree of the defendant's culpability, as already pointed out; and in actions of tort generally, we do assess smart money in addition to actual loss or legal damages, with reference to the degree of the defendant's culpability, not exceeding, however, the probable estimated cost of the trial. "In actions of tort, founded on the misconduct or culpable negligence of the defendant, it is usual and entirely proper for the judge to say to the jury that they are not necessarily confined in assessing damages to the actual loss of property to the plaintiff, but may allow smart money, measured by the circumstances of aggravation, and may, from their general knowledge of the course of the courts, if the case warrants it in their judgment, take into account the expenses of the trial beyond the taxable costs." *Mason* v. *Hawes,* 52 Conn. 12, 14.

Damages assessed because of and with reference to the degree of the defendant's culpability may be, and generally are, compensatory in their nature, although they embrace injuries or expenses not included in strict legal damages, and although (as in the case of statutes

imposing a minimum recovery for death resulting from negligence) they include damages only presumptively suffered. Clearly, it is not against any general policy of this State to permit the recovery of such damages within the limitations of our own rule on the subject.

Turning to the specific case of death caused by negligence, it is by no means certain that an administrator may not, in some cases, be entitled, within the limitations of our rule, to recover damages assessed with reference to the degree of the defendant's culpability. The damages in such cases are "on the same grounds, and measured by the same rule, as if the action had been brought by her intestate in his lifetime." *Wilmot* v. *McPadden,* 79 Conn. 367, 378, 65 Atl. 157. Take the case of *Kling* v. *Torello,* 87 Conn. 301, 87 Atl. 987, where the plaintiff, being mortally injured by an atrocious assault, brought suit in his lifetime, and after his death an administrator entered to prosecute. Or suppose one, mortally injured through the defendant's reckless disregard of the law of the road, should sue in his lifetime, under chapter 216 of the Public Acts of 1905 (p. 412), and the administrator, after his death, enter to prosecute. At least, the law is not so clear as to justify the declaration of a public policy forbidding such recoveries. Assuming that the damages, in excess of the minimum provided for by the statute, are strictly exemplary because assessed with reference to the degree of the defendant's negligence, I am unable to agree that there is any public policy of this State which should prevent the plaintiff from recovering such damages in this action within the limitation of our rule. As to the minimum recovery of $500 imposed by the statute, we have had, in the past, statutes imposing a minimum recovery for death caused by negligence, although we have none to-day. Such recoveries are regarded as roughly compensatory, though in any given case they

may not be so. *Lamphear* v. *Buckingham*, 33 Conn.
237. So the Massachusetts court has said of the statute
in question that a leading object is "to secure some
pecuniary provision for those who may be dependent
upon the deceased." *Commonwealth* v. *Boston & A. R.
Co.*, 121 Mass. 36, 37. I think these two decisions settle
the point that the minimum recovery of $500 imposed
by this statute is not penal, and is compensatory, and
that the recovery of the minimum sum of $500 in this
case, together with such additional damages, if any, as
the jury might assess with reference to the degree of the
defendant's culpability, not exceeding the probable cost
of the litigation, would not violate any public policy
or legal tradition of the State of Connecticut.

Upon the general question whether we will enforce
rights arising under foreign statutes of this kind, I
think we are controlled in principle by the decision in
*Huntington* v. *Attrill*, 146 U. S. 657, 683, 13 Sup. Ct.
Rep. 224, which decides that after the original liability
under such a statute has passed into judgment in one
State, the courts of another State are bound by the
Constitution and laws of the United States to give full
faith and credit to that judgment (so far as any objec-
tion founded on the penal nature of the action is con-
cerned), unless the judgment is in its essential character
and effect a punishment of an offense against the public
as distinguished from a judgment founded on a private
civil right. In accordance with that decision, we should
be bound to give effect to a Massachusetts judgment
founded on this statute; and as it is clear upon principle
and authority that "the essential nature and real
foundation" of the action is the same, whether reduced
to judgment or not (*Wisconsin* v. *Pelican Ins. Co.*, 127
U. S. 265, 8 Sup. Ct. Rep. 1370), I think that, being
bound to accept the principle in part, we ought to ac-
cept it as far as it is applicable.