PHYLLIS MENDYGRAL, ADMINISTRATRIX (ESTATE OF MICHAEL MENDYGRAL) *v.* CITY OF NEW HAVEN ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 90885

Memorandum filed November 20, 1959

*Charles Tomasino,* of New Haven, for the plaintiff.

*George W. Crawford, Francis J. Moran, Ellsworth B. Foote* and *Sachs, Sachs, Giaimo & Sachs,* all of New Haven, for the defendants.

ALCORN, J. In this action the plaintiff administratrix seeks to recover damages for the death of her

decedent. The defendants are the city of New Haven, the county of New Haven, the New Haven county commissioners, the sheriff and the chief deputy jailer for the county. The first count of the complaint is expressly based upon § 18-49 of the 1958 Revision and alleges in substance that the decedent's death was caused by the negligence of the sheriff and deputy jailer, their servants and agents, in their care and treatment of the decedent while he was a prisoner at the county jail.

The defendants sheriff and deputy jailer demur to the first count on the ground that § 18-49 is penal, and therefore a civil action based upon it does not survive the death of the party seeking recovery under it. *Mitchell* v. *Hotchkiss,* 48 Conn. 1, 19. A demurrer to the second count by these defendants has been withdrawn.

Section 18-49 provides: "If any jailer does any wrong or injury to a prisoner in his custody, he shall pay treble damages to him and shall be fined not more than one hundred dollars." The parties are in agreement upon the basic proposition that at common law, and in the absence of statute, actions in tort do not survive the death of one of the parties. The history of the statutes in this state relating to the survival of causes of action is discussed in *Porpora* v. *New Haven,* 122 Conn. 80. Our present survival statute, after providing that no cause or right of action shall be lost or destroyed by the death of any person but shall survive in favor of or against his executor or administrator, expressly exempts from its application "any civil action upon a penal statute." § 52-599. Consequently, if § 18-49, upon which the first count is based, is a penal statute, then the plaintiff has no cause of action.

"The test whether a law is penal, in the strict and primary sense, is whether the wrong sought to be

redressed is a wrong to the public, or a wrong to the individual." *Porpora* v. *New Haven,* supra, 96, and cases cited. Most of the decisions in this state concerned with the question have construed statutes relating to damages only. *Lamphear* v. *Buckingham,* 33 Conn. 237 (damages recoverable from a railroad for loss of life), *Plumb* v. *Griffin,* 74 Conn. 132 (damages for cutting trees), and *Daury* v. *Ferraro,* 108 Conn. 386 (damages under Massachusetts statute for negligently causing death), are illustrative. The dissenting opinion in *Cristilly* v. *Warner,* 87 Conn. 461, 468-469, a case expressly overruled by *Daury* v. *Ferraro,* supra, lists various statutes of this state allowing double or treble damages, none of which have been held to be penal. Invariably, however, the statute concerned itself only with damages.

Throughout the decisions runs a common theme. "Penal statutes, strictly and properly, are those imposing punishment for an offense against the State." *Plumb* v. *Griffin,* supra, 134. "It [the statute in question] does not provide a penalty for the breach of a positive law or for a public wrong." *Lamphear* v. *Buckingham,* supra, 246; see also *Bankers Trust Co.* v. *Blodgett,* 96 Conn. 361, 366; *Porpora* v. *New Haven,* supra.

Section 18-49, now in issue, does not confine itself to permitting the recovery of treble damages by the injured prisoner but specifies that "[i]f any jailer does any wrong or injury to a prisoner in his custody, he . . . shall be fined not more than one hundred dollars." "Punishment is the end of a penalty." *Bankers Trust Co.* v. *Blodgett,* supra. The statute "is patently a penal statute." *Bunten* v. *Slavin,* 7 Conn. Sup. 328, 329. It follows that an action under it does not survive to this plaintiff.

The demurrer is sustained.